742 So.2d 533 (1999)
Adolphus S. ASHLEY, Petitioner,
v.
Michael W. MOORE, Secretary, Florida Department of Corrections, et al., Respondents.
No. 98-3009.
District Court of Appeal of Florida, First District.
October 20, 1999.
*534 Adolphus S. Ashley, pro se, Petitioner.
Robert A. Butterworth, Attorney General, and Caryl S. Kilinski, Assistant Attorney General, Tallahassee, for State of Florida.
No appearance for respondent Michael W. Moore, Secretary, Florida Department of Corrections, Tallahassee.
PER CURIAM.
Adolphus S. Ashley appealed an order of the circuit court which denied a petition for writ of habeas corpus. Subsequently, this court converted the appeal to a petition for writ of certiorari. Fla. R.App. P. 9.040(c); Sheley v. Florida Parole Commission, 720 So.2d 216 (Fla.1998).
On this court's own motion, Ashley was directed to show cause why this proceeding should not be dismissed for lack of jurisdiction. A review of the file showed that a motion for rehearing was not timely served and it therefore did not postpone rendition of the order. Luttrell v. Florida Parole Comm'n, 578 So.2d 11 (Fla. 1st DCA 1991). This court's certiorari jurisdiction, like appellate jurisdiction, must be invoked within 30 days of rendition of the order to be reviewed. Fla. R.App. P. 9.020(h); 9.100(c)(1); 9.110(b). In response, petitioner argues that he should be entitled to an additional five days in computing the time for service of his motion for rehearing in accordance with Fla. R. Civ. P. 1.090(e). This argument is without merit. Grabarnick v. Florida Homeowners Association, 419 So.2d 1065 (Fla.1982). He also contends that prison officials frustrated his ability to timely prepare and serve his motion for rehearing. We find that the proper avenue to present such a claim is by motion to the trial court for relief from judgment. Cf. Snelson v. Snelson, 440 So.2d 477 (Fla. 5th DCA 1983) (1.540(b) motion is remedy where party claims order was not received in time to appeal). Accordingly, we dismiss this proceeding for lack of jurisdiction without prejudice to petitioner's right to move the trial court for relief from judgment.
DISMISSED.
ERVIN, MINER and KAHN, JJ., CONCUR.