826 So.2d 1033 (2002)
Michael NEWELL, Petitioner,
v.
Michael W. MOORE, Secretary, Florida Department of Corrections, Respondent.
No. 1D01-4035.
District Court of Appeal of Florida, First District.
February 1, 2002.
Michael Newell, pro se, petitioner.
Robert Butterworth, Attorney General, and Philip A. Fowler, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
Respondent moves to dismiss this petition for writ of certiorari arguing that petitioner failed to timely invoke this court's jurisdiction.
Petitioner, an inmate, was the subject of a Department of Corrections (DOC) disciplinary action. His administrative appeal was denied by DOC and he filed a petition for writ of mandamus in the circuit court seeking review. The circuit court denied the petition for writ of mandamus by an amended final order which was rendered on August 14, 2001. Petitioner served a motion for rehearing or clarification on August 29, 2001. On September 17, 2001, the circuit court issued an order denying rehearing. Petitioner filed his petition for writ of certiorari in this court on October 4, 2001.
Respondent's motion to dismiss asserts that the August 29, 2001, motion for rehearing was not served by petitioner within 10 days of the rendition of the August 14, 2001, amended final order as required by Florida Rule of Civil Procedure 1.530(b). Respondent argues that because the motion was untimely under rule 1.530(b), it did not suspend rendition of the amended final order and thus did not extend the time for filing the petition for writ of certiorari. Luttrell v. Florida Parole Commission, 578 So.2d 11 (Fla. 1st DCA 1991). This court's certiorari jurisdiction must be invoked within 30 days of rendition of the order to be reviewed. See Fla. R.App. P. 9.100(c)(1); see also Ashley v. Moore, 742 So.2d 533 (Fla. 1st DCA 1999).
The motion to dismiss is denied. An extraordinary writ proceeding in the circuit court which seeks an appellate remedy is governed by the Florida Rules of Appellate Procedure. See Fla. R.App. P. 9.010 and 9.030(c)(3); see also Sheley v. Florida Parole Commission, 703 So.2d 1202 (Fla. 1st DCA 1997), approved, 720 So.2d 216 (Fla.1998)(inmate mandamus proceeding in the circuit court seeking review of final administrative action is in the nature of an appellate remedy). Florida Rule of Appellate Procedure 9.330(a) provides for the *1034 filing of a motion for rehearing within 15 days of rendition of the order to which it is directed. Because petitioner is an inmate, the date of service of a pleading is the date of filing under the mailbox rule announced in Haag v. State, 591 So.2d 614 (Fla.1992). See Thompson v. State, 761 So.2d 324 (Fla. 2000); Fla. R.App. P. 9.420(a)(2). Thus, the August 29, 2001, motion for rehearing was timely under rule 9.330(a) and postponed rendition of the circuit court's August 14, 2001, amended final order. Inasmuch as the original petition was filed within 30 days following rendition of the order denying rehearing, the petition for writ of certiorari was timely filed.
MOTION DENIED.
ERVIN, WOLF and BROWNING, JJ., concur.