924 So.2d 905 (2006)
Edward Arthur SURRATT, Appellant,
v.
J.T. FREEMAN, Warden, Century Correctional Institution, Appellee.
No. 1D05-4532.
District Court of Appeal of Florida, First District.
March 23, 2006.
Appellant, pro se.
Charlie Crist, Attorney General; Louis A. Vargas, General Counsel, Tallahassee, for Appellee.
PER CURIAM.
On November 28, 2005, the Court issued an order directing the appellant to show cause why the appeal should not be dismissed as untimely, specifically pointing out that it was not apparent whether the appellant's motion for rehearing had effectively delayed rendition of the underlying order denying his petition for writ of mandamus.
In response, the appellant argues that his motion for rehearing was timely filed *906 within 15 days of the order denying his petition for writ of mandamus, pursuant to Florida Rule of Appellate Procedure 9.330. The appellant has also filed a motion for leave to amend the response in which he argues alternatively that his motion was timely filed pursuant to Florida Rule of Civil Procedure 1.530(b). The motion is granted and the response is accepted.
Upon consideration of the appellant's response and amended response, which the Court accepts, the Court has determined that the appellant's notice of appeal failed to timely invoke this Court's jurisdiction. This Court has held that where an extraordinary writ proceeding in the circuit court involves an appellate remedy, the time for filing a motion for rehearing is governed by Florida Rule of Appellate Procedure 9.330, rather than Florida Rule of Civil Procedure 1.530. See Newell v. Moore, 826 So.2d 1033 (Fla. 1st DCA 2002). Here, however, the appellant sought to compel the Department of Corrections to enforce its own prohibition against smoking in institution buildings. Unlike the petition for relief at issue in Newell, the petition did not seek review of quasi-judicial administrative action. Thus, Newell is inapplicable and the appellant's motion should have been served within ten days of the entry of the denial order. See Fla. R. Civ. P. 1.530(b). Because the appellant's motion for rehearing was not served within ten days of the May 16, 2005, entry of the order denying mandamus relief, the motion failed to delay rendition of the order on appeal and the notice of appeal is consequently untimely. Accordingly, the appeal is hereby dismissed for lack of jurisdiction.
BARFIELD, WEBSTER, and BENTON, JJ., concur.