981 So.2d 482 (2008)
David HUFFMAN, Petitioner,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Respondent.
No. 1D07-2173.
District Court of Appeal of Florida, First District.
February 13, 2008.
David S. Huffman, pro se, Petitioner.
Bill McCollum, Attorney General, and Linda Horton Dodson, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
David Huffman filed a petition/complaint in the circuit court challenging the *483 outcome of certain prison disciplinary proceedings and asserting that the Department of Corrections' rule prohibiting "lying to staff" caused him uncertainty concerning the exercise of his right to free speech. He here seeks certiorari review of an order denying his motion for leave to amend and denying relief on the merits.
We find no error in the denial of Huffman's request for leave to amend, which was made after the filing of DOC's response below. We agree with petitioner, however, that the circuit court erred in denying relief on the merits without affording him the opportunity to reply to DOC's response. An extraordinary writ proceeding in the circuit court which seeks an appellate remedy is governed by the rules of appellate procedure. See Newell v. Moore, 826 So.2d 1033 (Fla. 1st DCA 2002). Florida Rule of Appellate Procedure 9.300(b) provides that except in circumstances not relevant here, the service of a motion tolls the time schedule of an appellate proceeding. Huffman's motion was served prior to the expiration of the time for filing a reply set by the circuit court, and thus tolled the time to reply. After it denied the motion for leave to amend, the circuit court should have allowed Huffman the opportunity to reply before disposing of the matter on the merits. Cf. Wilkinson v. McDonough, 960 So.2d 911 (Fla. 1st DCA 2007)(where motion for continuance to file reply was served before time for filing of reply had expired, court should not have ruled on the merits without first ruling on the motion for continuance). Its failure to do so constitutes a departure from the essential requirements of law. See Jones v. Singletary, 709 So.2d 656 (Fla. 1st DCA 1998); Bard v. Wolson, 687 So.2d 254 (Fla. 1st DCA 1996).
Accordingly, the petition for writ of certiorari is GRANTED, the circuit court's order is QUASHED, and the cause is REMANDED with directions to permit petitioner the opportunity to file a reply.
WOLF, KAHN, and VAN NORTWICK, JJ., concur.