THOMAS, J.
Appellant challenges the lower court’s denial of his petition for writ of mandamus wherein he challenged a disciplinary report for disrespect of a prison official and the subsequent loss of gain time. We affirm the lower court’s order denying Appellant’s petition, but reverse and remand for the court to address the claims raised in his amendment to the petition for writ of mandamus.
Appellant is an inmate with the Florida Department of Corrections. On December 3, 2007, Appellant was issued a disciplinary report for disrespect to a prison official. A disciplinary hearing was held on December 4, 2007, wherein Appellant was found guilty and sanctioned to a loss of 30 days of gain time. After filing a formal grievance with the institution and a grievance appeal with the Department of Corrections, Appellant filed a petition for writ of mandamus in the trial court on or about March 25, 2008, challenging the disciplinary action. On April 3, 2008, the trial court ordered Appellee to show cause why the petition should not be granted. On May 21, 2008, Appellant filed an amendment to his petition for writ of mandamus, raising additional claims; Appellee then filed a response to the petition, but declined to address the claims raised in the amended petition. The trial court denied the petition, also without addressing Appellant’s additional claims.
Appellant argues that the trial court improperly failed to address the claims raised in his amended petition for writ of mandamus. We agree. The Florida Rules of Appellate Procedure are applicable to extraordinary writ proceedings involving an appellate remedy in the circuit court. See Newell v. Moore, 826 So.2d 1033, 1033 (Fla. 1st DCA 2002); but see Surratt v. Freeman, 924 So.2d 905 (Fla. 1st DCA 2006) (holding that an extraordinary writ proceeding that did not seek review by quasi-judicial administrative action was governed by the Florida Rules of Civil Procedure). The rules of appellate procedure include a broad amendment provision stating that “[a]t any time in the interest of justice, the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits.” Fla. R.App. P. 9.040(d). Thus, Appellant’s amendment to his petition was properly before the court, and the trial court improperly declined to address the claims therein.
Appellee argues that the amendment to the petition was improperly before the court, and relies on Florida Rule of Civil Procedure 1.190(a). Rule 1.190(a) provides that a party may amend a pleading once prior to the filing of any responsive pleading. Fla. R. Civ. P. 1.190(a); *413 Boca Burger, Inc. v. Forum, 912 So.2d 561, 566-68 (Fla.2005). ■ Appellee argues that the trial court’s order to show cause constituted a responsive pleading. As noted above, however, Appellant’s petition is not governed by the rules of civil procedure. Newell, 826 So.2d at 1033. Further, even if the petition were governed by the rules of civil procedure, the trial court’s order to show cause does not constitute a responsive pleading as contemplated by such rules. See generally Fla. R. Civ. P. 1.100(a); Boca Burger, Inc., 912 So.2d at 566-68.
Accordingly, because the trial court improperly failed to address the claims raised in Appellant’s amendment to his petition for writ of mandamus, we reverse and remand for the trial court to address the additional claims.
AFFIRMED in part, REVERSED in part, and REMANDED.
WEBSTER and VAN NORTWICK, JJ., concur.