SWANSON, J.
 

 In this petition for writ of certiorari, petitioner claims the trial court departed from the essential requirements of law by limiting his attorney’s fee award to double the flat fee because the court failed to consider the number of hours expended by petitioner in determining whether the fee award was confiscatory. We agree and grant the petition.
 

 Petitioner was appointed to represent an indigent criminal defendant, who had been charged with one count of manslaughter with a firearm. Over nine months later, petitioner filed a motion to dismiss the
 
 *106
 
 manslaughter charge pursuant to section 776.032, Florida Statutes, which provided immunity from prosecution if the accused exercised an expanded right to self-defense that eliminated the common law duty to retreat before using deadly force in certain circumstances. After a one-day hearing, the trial court granted the motion to dismiss. The state appealed the dismissal of the charge, but later filed a voluntary dismissal of the appeal.
 

 Petitioner then filed a motion pursuant to section 27.5304(12), Florida Statutes (2009), requesting the chief judge to declare the case to be extraordinary, authorize petitioner to bill the Justice Administrative Commission (JAC) at the rate of $75.00 per hour, and approve the attached invoice billing 230.4 hours in the total amount of $17,280.00. At the hearing on petitioner’s motion, petitioner called an expert witness, who testified that the hours billed by petitioner were reasonably necessary to properly prepare and successfully argue a motion to dismiss based upon statutory immunity. The witness further testified that the mere award of double the flat rate, which would amount to $3000.00, would be confiscatory of petitioner’s time because it would result in an hourly rate of only $13.40. No other witnesses were called at the hearing.
 

 During argument, petitioner acknowledged JAC was objecting to $457.50 (6.1 hours) of petitioner’s intended billing on the ground the time was non-billable administrative time. However, petitioner argued that based upon the testimony and evidence presented, competent substantial evidence existed to establish that the case was extraordinary and unusual and that double the flat rate would be confiscatory. Counsel for JAC responded that JAC “did not question the reasonableness of [peti-tionerj’s hours, other than those items that he ha[d] outlined for the court as being administrative in nature.” When the court inquired whether JAC objected to the case being declared extraordinary and unusual, counsel replied JAC was not objecting to such a finding. When the court further inquired whether JAC was objecting to a ruling that $3000.00 would be confiscatory, counsel again responded in the negative.
 

 After the hearing, the trial court entered an order finding the case required extraordinary and unusual effort, but further finding double the flat fee would not be confiscatory because “the amount of extraordinary and unusual effort required was limited.” This petition follows.
 

 Section 27.5304(12), Florida Statutes (2009), provides in pertinent part:
 

 (d) If the chief judge or designee finds that counsel has proved by competent and substantial evidence that the case required extraordinary and unusual efforts, the chief judge or designee shall order the compensation to be paid to the attorney at a percentage above the flat fee rate, depending on the extent of the unusual and extraordinary effort required. The percentage shall be only the rate necessary to ensure that the fees paid are not confiscatory under common law. The percentage may not exceed 200 percent of the established flat fee, absent a specific finding that 200 percent of the fiat fee in the case would be confiscatory. If the chief judge or designee determines that 200 percent of the flat fee would be confiscatory, he or she shall order the amount of compensation using an hourly rate not to exceed $75 per hour for a noncapital case and $100 per hour for a capital case. However, the compensation calculated by using the hourly rate shall be only that amount necessary to ensure that the total fees paid are not confiscatory.
 

 
 *107
 
 In determining whether a fee award is “confiscatory under common law,” the courts must be guided by the principles set out by our supreme court in a line of cases beginning with
 
 Makemson v. Martin County,
 
 491 So.2d 1109 (Fla.1986), which held that trial courts have inherent power to depart from statutory fee guidelines in extraordinary and unusual cases when necessary to ensure that attorneys who represent indigent criminal defendants are not compensated in an amount which is confiscatory of their time, energy, and talents. The court further defined the contours of this inherent power in a series of subsequent decisions, one of which we find to be controlling here.
 

 In
 
 White v. Board of County Commissioners of Pinellas County,
 
 537 So.2d 1376 (Fla.1989), the trial court denied defense counsel’s request for attorney’s fees in excess of the statutory maximum of $3500.00 where counsel expended a total of 134 reasonable and necessary hours over a period of 3 1/2 months representing his client in a first-degree murder case. The Second District Court of Appeal denied defense counsel’s petition for writ of certiorari, finding no departure from the essential requirements of law. The Florida Supreme Court granted review and quashed the Second District’s decision. In doing so, the court observed that “[i]n determining whether to exceed the statutory maximum fee cap, the focus should be on the time expended by counsel and the impact upon the attorney’s availability to serve other clients, not whether the case was factually complex.”
 
 Id.
 
 at 1380. After noting the fee award equaled a fee of $26.12 per hour, the court concluded that defense counsel suffered a double forfeiture in that “[n]ot only did he receive token compensation for his efforts, but his private practice suffered as a result of his service in this case.”
 
 Id.
 

 Although this is not a capital case, the principles announced in
 
 White
 
 are equally applicable here.
 
 See Monroe Cnty. v. Garcia,
 
 695 So.2d 823, 825 (Fla. 3d DCA 1997) (holding the principles of
 
 Makemson
 
 and
 
 White
 
 are applicable to noncapital cases);
 
 Bd. of Cnty. Comm’rs of Hillsborough Cnty. v. Curry,
 
 545 So.2d 930, 931 (Fla. 2d DCA 1989) (same). Petitioner filed an hourly invoice claiming that he expended 230.4 hours to prepare and successfully argue the motion to dismiss the manslaughter charge based upon statutory immunity. At the attorney’s fee hearing, JAC did not dispute the reasonableness of these hours except for 6.1 hours, which it claimed represented non-billable administrative time. In addition, JAC did not dispute the only witness to testify at the hearing, who opined that merely awarding $3000.00, double the flat rate, would be confiscatory of petitioner’s time because it would result in an hourly rate of only $13.40. Because there was uncontradicted evidence that petitioner reasonably expended at least 224.3 hours in the case, a fee award of $3000.00 would amount to only $13.37 per hour, “token compensation” under
 
 White,
 
 absent any finding that petitioner could reasonably claim only a significantly reduced number of hours. Without making a finding regarding the reasonable number of hours expended by petitioner in the case, the trial court could not determine whether a $3000.00 fee was confiscatory.
 

 Accordingly, we grant the petition, quash the fee award, and remand for reconsideration of the award in light of the principles announced in
 
 White.
 
 Contrary to petitioner’s request, this court cannot direct the trial court to award a specific amount of fees in a certiorari proceeding.
 
 See Tedder v. Fla. Parole Comm’n,
 
 842 So.2d 1022, 1024 (Fla. 1st DCA 2003) (“When considering ... a petition for writ of certiorari, the court has only two op
 
 *108
 
 tions — it may either deny the petition or grant it, and quash the order at which the petition is directed. It may not enter judgment on the merits, or direct the lower tribunal to enter any particular order.”).
 

 PETITION GRANTED.
 

 PADOVANO, J., and DANIEL, JAMES H., Associate Judge, concur.