PER CURIAM.
 

 Petitioner Ira W. Still, III, seeks certio-rari review of two trial court orders limiting his attorney’s fees for representation of the same defendant in two separate Broward Circuit Court criminal prosecutions. The 2008 case was a prosecution for armed burglary of a conveyance and aggravated battery with a deadly weapon. The 2009 case was a prosecution for attempted first degree murder, armed kidnapping and tampering with a witness. After trial in the 2008 case, the defendant was acquitted. In the 2009 case, one charge was dismissed and the others resulted in a not guilty verdict. Petitioner sought $16,385 in fees in his amended fee application in the 2008 case, and $95,872.50 in his amended fee application for the 2009 case.
 

 At the evidentiary hearing on his motion to exceed the statutory fee limits pursuant to section 27.5304(12), Florida Statutes, petitioner presented expert testimony that the statutory limit on fees would be totally inadequate and confiscatory in these two cases. Justice Administrative Commission (JAC) counsel objected only on the grounds that the fees requested exceeded the statutory flat fee limit. The judge expressed concern at this hearing about whether the State of Florida could afford to pay the fees sought given the economy.
 

 The trial court awarded $5,000 in the 2008 case and $15,000 in the 2009 case. It acknowledged in the written order awarding fees in the 2008 case that trial had taken four days and required extensive preparation, requiring counsel to clear much of his calendar and devote his time to preparation of the case due to its age. The second order provided that trial had taken eleven days and required extensive preparation, involving novel issues of cell phone technology and
 
 Williams
 

 [1]
 

 rule evidence. Again, counsel had to clear his calendar to prepare due to the age of the case. In both orders, the court acknowledged that the statutory flat fee schedule was inadequate compensation.
 

 Petitioner claims that the amounts actually awarded resulted in compensation at the rate of $13 per hour for his professional services. He argues that the awards were confiscatory and that the court failed to apply the correct analysis, basing its decision instead on the State’s ability to pay the fees sought given difficult economic times.
 

 The JAC filed a response shortly after this petition was filed, acknowledging that the trial court orders constituted a departure from the essential requirements of law based on consideration of matters beyond the scope of section 27.5304(12). The response acknowledges that under this section, the trial court is required to award
 
 *1170
 
 a reasonable fee which is not confiscatory, pursuant to the terms of the statute and the analysis set forth in
 
 Makemson v. Martin County,
 
 491 So.2d 1109 (Fla.1986). That case held that trial courts are authorized to depart from the statutory fee guidelines in extraordinary and unusual cases when necessary to ensure that counsels representing indigent criminal defendants are not compensated in amounts which are confiscatory of their time and efforts.
 
 See also White v. Bd. of Cnty. Comm’rs of Pinellas Cnty.,
 
 537 So.2d 1376 (Fla.1989);
 
 Zelman v. Justice Admin. Comm’n,
 
 78 So.3d 105, (Fla. 1st DCA 2012).
 

 While the trial court’s concerns as to the State’s financial condition were obviously well intended, it must be recognized that matters of appropriation and adequacy of state funds are legislative functions and not judicial. It would be a violation of the separation of powers doctrine for trial courts to address whether adequate state funding is available to discharge a statutory provision authorizing payment of attorney’s fees, such as here. Art. II, § 3, Fla. Const.
 
 Cf. Chiles v. Children A, B, C, D, E, & F,
 
 589 So.2d 260 (Fla.1991).
 

 We agree with petitioner and the JAC that the trial court considered matters beyond the scope of section 27.5304(12), Florida Statutes, and that it departed from the essential requirements of law in doing so. Accordingly, we grant the petition, quash the fee awards in the two cases and remand for reconsideration in light of the statute and principles of
 
 Makemson
 
 and its progeny.
 

 Petition Granted.
 

 WARNER, POLEN and DAMOORGIAN, JJ., concur.
 

 [1]
 

 .
 
 Williams
 
 v.
 
 State,
 
 110 So.2d 654 (Fla.1959).