PER CURIAM.
This is an appeal from an order dismissing appellant’s petition for writ of mandamus as untimely and denying his motion for leave to amend. Appellant does not dispute his mandamus petition challenging prison disciplinary proceedings was time-barred under section 95.11(8), Florida Statutes (2011), but asserts the lower court abused its discretion in denying him leave to file an amended timely petition. We agree and reverse.
*445 On May 5, 2011, appellant, an inmate at Lake City Correctional Institution, received a disciplinary report for escape or attempted escape. On May 10, 2011, appellant was found guilty at a disciplinary hearing and sanctioned with the loss of gain-time. On May 17, 2011, appellant filed a formal grievance with the warden, claiming his disciplinary report should be set aside on various grounds. After his grievance was denied, appellant filed an appeal with appellee, claiming the response failed to address all of the grounds raised in his grievance. On July 14, 2011, appellee approved appellant’s grievance for further inquiry and referred the appeal back to the warden. On August 25, 2011, appellant filed another appeal with appel-lee, complaining he was still waiting for a response from the warden. On September 7, 2011, appellee denied appellant’s administrative appeal, concluding the response appellant received at the institutional level (a memo dated August 4, 2011) appropriately addressed appellant’s concerns. Ap-pellee attached a copy of the memo from T. Young, the Assistant Warden of Programs, denying appellant’s grievance after further review.
On October 18, 2011, appellant filed a petition for writ of mandamus challenging the disciplinary report on the grounds raised in his grievance. On January 17, 2012, appellee responded to the circuit court’s show cause order by asserting appellant’s mandamus petition should be dismissed because it was not filed within thirty days of appellant exhausting his administrative remedies as required by section 95.11(8).
On February 4, 2012, appellant filed a motion for leave to file an amended mandamus petition that reflected appellee had issued a new response on January 5, 2012, denying appellant’s amended grievance appeal, which was filed on December 15, 2011, and claimed that appellant was unaware of Young’s memo until ap-pellee denied his administrative appeal on September 7, 2011, depriving him of the opportunity to respond to the memo; that Young was not authorized to issue the memo in response to appellant’s grievance, which was directed to the warden personally; and that the memo did not refute the claims in appellant’s grievance. Appellant argued the trial court should allow him to file an amended timely mandamus petition because the thirty-day statute of limitations restarted after appellee accepted and responded to appellant’s amended grievance appeal. However, the trial court denied appellant’s motion for leave to amend and dismissed the mandamus petition as untimely. This appeal follows.
Appellant’s mandamus petition invoking an appellate remedy in the circuit court is governed by the Florida Rules of Appellate Procedure that “include a broad amendment provision stating that ‘[a]t any time in the interest of justice, the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits.’ ” Lovette v. McNeil, 8 So.3d 411, 412 (Fla. 1st DCA 2009) (quoting Fla. R.App. P. 9.040(d)). The fact appellee may have responded to appellant’s mandamus petition before appellant sought leave to amend does not render amendment of appellant’s petition improper. Id. at 412-13. Thus, we believe the lower court should have allowed appellant to file an amended mandamus petition so that it could be disposed of on the merits.
Appellee’s rules allow an inmate to file an amendment to a previously filed grievance or appeal. Fla. Admin. Code R. 33-103.006(2)(i) & 33-103.007(5)(e). By allowing appellant to file an amended grievance appeal, appellee apparently was concerned appellant had not received Young’s memo *446 before appellee denied his grievance appeal on September 7, 2011, thus depriving appellant of the opportunity to respond to the memo. Once appellee responded to appellant’s amended grievance appeal on the merits, appellant had thirty days under section 95.11(8) to seek mandamus relief in the circuit court. We conclude the court abused its discretion in not allowing appellant to timely seek such relief by filing an amended petition. Accordingly, we reverse and remand with directions that the court allow appellant to file an amended timely mandamus petition.
REVERSED and REMANDED with directions.
VAN NORTWICK, LEWIS, and SWANSON, JJ., concur.