ROWE, J.
Petitioner, W. Charles Fletcher, seeks review of an order awarding him $35,000 in attorney’s fees for representing an indigent criminal defendant in a capital case, instead of the $62,570 he requested. Petitioner argues that the trial court departed from the essential requirements of the law in two ways. First, he argues that the trial court erred in limiting his fees without making a finding as to the reasonable number of hours he worked in representing his client. Second, he argues that the trial court impermissibly considered the court’s budget when it limited his fee award. We agree that the trial court failed to make the requisite factual findings, and we grant the petition.
Petitioner, who is a private attorney, was appointed to represent Billy Sheppard in a capital trial involving two counts of first-degree murder, one count of attempted robbery, two counts of possession of a firearm by a convicted felon, and one count of grand theft. Petitioner filed a motion seeking $62,750 in attorney’s fees for 627.5 hours of legal services at the statutory maximum rate of $100 per hour. After an evidentiary hearing, the trial court found that the case required extraordinary and unusual efforts on the part of counsel, that the circumstances merited a departure from the statutory flat fee of $15,000, and that twice the statutory flat fee would be confiscatory. The court, without explanation, found that an award of $35,000 would be appropriate under the circumstances, and it attached a memorandum that was sent to all court-appointed conflict' counsel about the court’s ability to award excess *1272 attorney’s fees due to the 2012 amendment to section 27.5304, Florida Statutes.
The Legislature has set a flat fee of $15,000 for compensating court-appointed private attorneys who represent indigent defendants in capital cases. § 27.5304(5)(a)4., Fla. Stat. (2012). However, the Legislature provided a procedure for counsel to seek excess fees in cases that require extraordinary and unusual efforts. § 27.5304(12), Fla. Stat. (2012). The chief judge, or a single designee, is required to hold an evidentiary hearing on all motions for excess fees and, if the chief judge finds that 200% of the flat fee would be confiscatory, the chief judge is required to calculate the amount of fees necessary to ensure that the total fees paid are not confiscatory by using an hourly rate not exceeding $100 per hour in capital cases. § 27.5304(12)(d), Fla. Stat. (2012). When awarding fees pursuant to section 27.5304, the trial court is required to make a finding as to the reasonable number of hours expended by counsel in the ease before it can determine whether a fee award would be confiscatory. Kelly v. Justice Admin. Comm’n, 99 So.3d 627, 628 (Fla. 2d DCA 2012); Hilliard v. Justice Admin. Comm’n, 98 So.3d 1288, 1289 (Fla. 1st DCA 2012); Zelman v. Justice Admin. Comm’n, 78 So.3d 105, 107 (Fla. 1st DCA 2012). In this case, the trial court never made any findings regarding the reasonable number of hours expended by Petitioner when it determined that $35,000 was an appropriate fee. Because this was a departure from the essential requirements of the law, we grant the petition and quash the fee award.
Petitioner also argues that the trial court departed from the essential requirements of the law by citing to budgetary concerns when it limited his fee award. The court’s budgetary concerns arose from the 2012 amendment to section 27.5304. In 2012, the Legislature amended the statute “to require the State Court System to pay court appointed counsel fees ordered by the court above the flat fees set in law once the funds appropriated to the Justice Administrative Commission for that purpose have been spent.” Fla. H.R. Comm, on Just. Approp., SB 1960 (2012) Staff Analysis (final Mar. 19, 2012) (on file with comm.). Prior to this amendment, conflict-counsel fees were paid by the Justice Administrative Commission from the Criminal Conflict Appropriation category in the General Appropriation Act. The cost of fees in previous years exceeded the original appropriation and the Legislature was required to make supplemental appropriations from unallocated general revenue to cover the deficit. The purpose of the 2012 amendment was to encourage the courts to “take a stronger role in governing the ordering of fees. If the court system is answerable for some of the costs associated with payments above the flat fee, judges may be less willing to order these fees.” Fla. S. Comm, on Budget, SB 1960 (2012) Staff Analysis (final Feb. 16, 2012) (on file with comm.).
In order to implement this change, the Office of the State Court Administrator (OSCA) and the Trial Court Budget Commission created the “Statewide Conflict Counsel Payment Over the Flat Fee Pool” (Statewide Pool). Excess fees from all types of cases are paid from the Statewide Pool. However, in an attempt to constrain expenditures, each circuit has been given an expenditure allowance from the Statewide Pool for non-RICO and non-capital cases. According to a memorandum from OSCA that was sent to all of the circuit courts, if a circuit exceeds its expenditure allowance for non-capital and non-RICO cases, then funds must be transferred from that circuit’s general budget to the Statewide Pool. However, the memorandum failed to address how excess fees in *1273 capital and RICO cases would be paid if the Statewide Pool was exhausted.
In response to this change and pursuant to the methodology established by OSCA, the Fourth Judicial Circuit sent a memorandum to all court-appointed conflict counsel about the court’s ability to award excess fees. The memorandum informed counsel that the circuit had already spent 25% of its allowance for fees within the first two months of the fiscal year and that once the allowance was exhausted, the funds would be taken out of the circuit court’s general budget, jeopardizing essential programs, services, resources, and personnel. The memorandum further stated that the chief judge would be forced to deny almost all excess fees in order to protect the best interests of the circuit as a whole. However, the memorandum did not make any distinction between excess fees awarded in capital and RICO cases and those awarded in all other types of cases.
Petitioner relies on Still v. Justice Administrative Commission, 82 So.3d 1168 (Fla. 4th DCA 2012), to argue that the court’s consideration of budgetary issues was a departure from the essential requirements of the law. In Still, the trial court awarded conflict counsel substantially less than the amount of fees requested due to concerns over whether the State of Florida could afford to pay the amount sought. Id. at 1169. The Fourth District held: “While the trial court’s concerns as to the State’s financial condition were obviously well intended, it must be recognized that matters of appropriation and adequacy of state funds are legislative functions and not judicial. It would be a violation of the separation of powers doctrine for trial courts to address whether adequate state funding is available to discharge a statutory provision authorizing payment of attorney’s fees, such as here.” Id. at 1170. The rationale in Still is not applicable to the current case because the circuit court was considering its own budget, not that of the State of Florida, when determining the proper amount of fees to award.* Thus, the same separation of powers concern is not present in the instant case. While we are sensitive to the court’s budgetary concerns and the need to keep the courthouse doors open and thus preserve access to courts, these concerns must be balanced with the defendant’s Sixth Amendment right to appointed, conflict-free counsel. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Johnson v. State, 78 So.3d 1305 (Fla.2012). Regardless, we need not reach this issue because the trial court failed to make the requisite findings as discussed above.
We, therefore, grant the petition, quash the fee award, and remand for reconsideration. If the trial court determines that an award greater than the statutory cap is justified, it should make the appropriate findings to support the award.
PETITION GRANTED.
MARSTILLER, J„ concurs; BENTON, C.J., concurs in result.

 We note, however, that it is unclear from the record before this Court whether the circuit court would be required to transfer money from its own budget into the Statewide Pool for excess fee awards in a capital or RICO case once the Statewide Pool has been exhausted.