ROBERTS, J.
Petitioner, Lynn W. Martin, seeks review of an order awarding her $4,000 in attorney’s fees, rather than the $44,715 she requested, for representing an indigent criminal defendant in a case involving a felony punishable by life. Petitioner argues that the trial court departed from the essential requirements of the law in two ways. First, she argues that the trial court erred in limiting her fees without making a finding as to the reasonable number of hours she worked while representing her client. Second, she argues that the trial court impermissibly considered the judicial circuit’s budget when it limited her fee award. We agree that the trial court failed to make the requisite factual findings, and we grant the petition.
*1282 The General Appropriations Act of 2012 (the Act) set the flat fee for attorney compensation for cases involving life felonies[1] at $2,000. 2013 Fla. Laws Ch. 2012-118 at 132.[2] If counsel seeks fees in excess of the statutory flat fee, the attorney seeking compensation must prove by competent, substantial evidence that the case required extraordinary and unusual efforts. § 27.5304(12)(b)l., Fla. Stat. (2012). If the chief judge makes this finding, the chief judge must then determine whether the flat fee or double the flat fee would be confiscatory. § 27.5304(12)(d), Fla. Stat. (2012). To do so, the chief judge must first make a finding as to the reasonableness of the hours expended. Fletcher v. Justice Admin. Comm’n, 109 So.3d 1271, 1272 (Fla. 1st DCA 20.13) (citing to Hilliard v. Justice Admin. Comm’n, 98 So.3d 1288, 1289 (Fla. 1st DCA 2012) and Zelman v. Justice Admin. Comm’n, 78 So.3d 105, 107 (Fla. 1st DCA 2012)). After doing so, the court can determine whether the statutory fee award is confiscatory. Fletcher, 109 So.3d at 1272. Here, the trial court failed to make any findings regarding the reasonable number of hours expended by Petitioner when it determined that $4,000 was an appropriate fee. Because this was a departure from the essential requirements of the law, we grant the petition and quash the fee award.
Petitioner also argues that the trial judge’s consideration of budget issues was a departure from the essential requirements of the law. The trial judge in Fletcher considered the same budgetary concerns as the trial judge in the instant case, including: (1) the Act, which limited the flat fee to $2,000, and (2) the 2012 memo sent by the Fourth Judicial Circuit’s counsel. Id. at 1272. The petitioner in Fletcher, like the petitioner in this case, relied upon Still v. Justice Administrative Commission, 82 So.3d 1168 (Fla. 4th DCA 2012), to argue the trial judge’s consideration of those issues was a departure from the essential requirements of the law. Id. at 1272. In Still, the Fourth District held that “matters of appropriation and adequacy of state funds are legislative functions and not judicial. It would be a violation of the separation of powers doctrine for trial courts to address whether adequate state funding is available to discharge a statutory provision authorizing payment of attorney’s fees, such as here.” 82 So.3d at 1170. This Court found that the Fourth Circuit’s reasoning was inapplicable to situations like in the instant case because the trial judge here was considering the circuit’s budget rather than the State of Florida’s budget. Fletcher, 109 So.3d at 1273.
Currently, there are no other cases examining Still’s applicability to a trial judge’s awarding of a fee based on a judicial circuit’s fiscal concerns. However, this Court need not decide the case on this issue because, like the trial court in Fletcher, the trial court departed from the essential requirements of the law when it failed to make findings about the reasonable number of hours expended on the case.
GRANTED.
THOMAS and CLARK, JJ., concur.

. The petitioner’s client was charged with attempted first-degree felony murder and attempted armed robbery. Pursuant to the respective statutes, the client faced life in prison. See §§ 782.051(1), 775.087(2)(a)(2), 812.13(2)(a), & 777.04(1), Fla. Stat. (2012).

. Section 27.5304(1), Florida Statutes (2012), states that the General Appropriations Act establishes the flat fee rate.