On Motion for Reconsideration

WARNER, J.
We grant respondent’s motion for reconsideration, withdraw our previously issued opinion and substitute the following in its place.
In ordering fees for private court-appointed counsel in a criminal case, the trial court failed to make any factual findings concerning the reasonable number of hours or hourly rate and improperly considered the court’s own budgetary issues in determining the fee to be set. Counsel petitions for certiorari review of the fee award.[1] We grant the petition, agreeing that the court failed to make the necessary factual findings.
Section 27.5304, Florida Statutes (2010), provides for the compensation of private *495 court-appointed counsel. First, it sets a flat fee of $2,500 for trial representation for a noncapital, nonlife felony.[2] § 27.5304(5)(a)2„ Fla. Stat. (2012). Second, it creates a process for claiming fees in excess of the flat fee for extraordinary work. § 27.5804(12), Fla. Stat. (2012). Where counsel seeks compensation exceeding the statutory flat fee, the attorney sends his/her billing to the Justice Administrative Commission (JAC) for review. § 27.5304(12)(a)l., Fla. Stat. (2012). The JAC must review the bills and communicate in writing its objections, if any, to private counsel. § 27.5304(12)(a)2., Fla. Stat. (2012). Counsel must thereafter file a motion for payment in excess of the flat rate with the chief judge of the circuit, specifying any objections by JAC. Id.
The chief judge must then hold a hearing at which the attorney must prove that the case “required extraordinary and unusual efforts.” § 27.5304(12)(b)l., Fla. Stat. (2012). The statute sets forth criteria that the court must consider. Id. Section 27.5304(12)(b)2. requires that the chief judge “enter a written order detailing his or her findings and identifying the extraordinary nature of the time and efforts of the attorney in the case which warrant exceeding the flat fee established by this section and the General Appropriations Act.”
The statute permits the court to award up to double the flat fee if a lawyer shows unusual or extraordinary circumstances. § 27.5304(12)(d), Fla. Stat. (2012). If the court makes a specific finding that 200 percent of the flat fee would be confiscatory, the court may then order hourly compensation, which may not exceed $75 per hour in a non-capital ease. Id. “However, the compensation calculated by using the hourly rate shall be only that amount necessary to ensure that the total fees paid are not confiscatory.” Id.
Fees in excess of the statutory flat rate are paid first from funds appropriated to the JAC. § 27.5304(12)(f)2., Fla. Stat. (2012). Pursuant to a 2012 legislative amendment, if those funds are exhausted, any further payments of excess fees shall be made from the due process funds appropriated to the state court system in a statewide pool administered by the Trial Court Budget Commission (TCBC). § 27.5304(12)(f)3„ Fla. Stat. (2012). In Fletcher v. Justice Administrative Commission, 109 So.3d 1271 (Fla. 1st DCA 2013), the court also noted that each circuit is given an allowance from that pool for non-RICO, non-capital cases. If the circuit exceeds its allowance, funds must be transferred from the circuit court’s general budget back into the pool. Id. at 1272-73.
Petitioner, John O’Donnell, represented defendant Michael George in a second degree murder prosecution over a brawl involving at least twenty persons. After extensive trial preparation requiring analysis of complex factual, medical and legal issues, George accepted a plea offer from the state to manslaughter. He was sentenced to five years in prison followed by five years of probation.
Following the statutory procedure, O’Donnell filed a motion for fees in excess of the statutory cap. He claimed an attorney’s fee of $27,165, based upon 362.5 hours at the statutory maximum rate of $75 per hour. The JAC did not object to *496 the amount claimed in the motion, and it did not object to the use of the $75 hourly rate.[3]
The chief judge held a hearing on the amount of the fee. At the start of the hearing, the chief judge explained that he was not only looking at the fee today but at all the other requests which have been or will be made during the year:
THE COURT: Let me explain, you know, and I think this applies to everyone here.
The legislature mandated that we create — well, they basically forced the issue because of the way that money was appropriated. We’re required to — we are required to set up these limited registries, but while these cases are open, we have a finite amount of money. We ran out in June.
So I’ve got to look at what’s being requested. I mean, it’s not just what you’re asking for today, but I’ve got to look at what’s being requested for everyone.
First-degree murder cases in light of that are not subject to that same pool of money. So I’ve got to look at the funds requested and then try to figure out how much, you know, we will have for the year.
And, you know, I just want you to understand that, you know, I’m put in a very unique situation to try to figure out how to make it last in a time of need.
O’Donnell then testified to his efforts in the case and the complexity of the issues. He stated that as a private attorney who had handled these types of cases for 35 years, he agreed to the $75 per hour cap rate because he knew someone had to take these cases. An experienced criminal defense attorney also testified as an expert as to the reasonableness of the fee requested and that the case was unusual and extraordinary in the complexity of the issues. The expert testified that even payment at the cap would be confiscatory. The court then concluded the hearing without making any findings.
The court entered a written ruling but did not make the necessary findings of fact. It found by competent substantial evidence that the representation required in this case was extraordinary and unusual. Based upon Makemson v. Martin County, 491 So.2d 1109 (Fla.1986), it found that O’Donnell was entitled to compensation in excess of the statutory cap. It granted attorney’s fees in the amount of $18,000, without determining a reasonable number of hours or an hourly rate.
We grant the petition because the trial court failed to make the statutorily required findings of fact to support the award. The court found reason to exceed the cap, but it did not determine the reasonable number of hours spent or the reasonable hourly rate. See Fletcher, 109 So.3d at 1272. Such findings are necessary to determine whether the amount awarded is confiscatory. See Makemson, 491 So.2d at 1115. The respondent notes that, given the number of hours requested, the $18,000 fee awarded amounts to about $50 per hour, which it contends is not confiscatory. In Fletcher, however, making that same calculation would result in a rate of $55, but the court still returned the matter to the trial court to make the appropriate findings. 109 So.3d at 1271-72. See also Watts v. Justice Admin. Comm’n, 115 So.3d 431, 432 (Fla. 2d DCA 2013) (granting certiorari where trial court failed to make findings of the reasonable number *497 of hours or explain why its award was not confiscatory).
Moreover, the JAC agreed to the appropriateness of the rate of $75, and there was no competent evidence to support another rate. Further, O’Donnell testified that when he agreed to take such court-appointed cases, he was agreeing to the statutory rate of $75. He did not take the case contemplating that he would be paid only two-thirds of that rate for hours reasonably expended. As Makemson noted,
No citizen can be expected to perform civilian services for the government when to do so is clearly confiscatory of his time, energy and skills, his public service is inadequately compensated, and his industry is unrewarded.
491 So.2d at 1114 (quoting the dissent in Mackenzie v. Hillsborough Cnty., 288 So.2d 200, 202 (Fla.1973)).
We agree with the petitioner that the court departed from the essential requirements of law in considering the court’s other budget matters in setting the reasonable fee in this case. In Still v. Justice Administrative Commission, 82 So.3d 1168 (Fla. 4th DCA 2012), we held that the court departed from the essential requirements of law in considering the state’s ability to pay such an award given the difficult economic times. Such matters were beyond the scope of section 27.5304(12). Id. at 1170.
By considering the effect of the award on the court’s budget, and then apparently reducing the amount requested because of the impact on the budget, without regard to the reasonableness of the fee, the court could effectively “confíscate” the reasonable amount due to a court-appointed attorney in order to pay for other programs and needs of the court system. Again, Makemson noted the tension between the needs of the treasury and the right to fair compensation to represent the criminal defendant, but it came down squarely on the side of appropriate compensation for the defense of the indigent criminal defendant:
A survey of the repeated attacks on the validity of the statute highlights the strong tension between the counties’ treasuries, as protected by the statutory maximum fees, and the attorneys seeking compensation more fair than that the legislature would grant. As previously pointed out, we must focus upon the criminal defendant whose rights are often forgotten in the heat of this bitter dispute. In order to safeguard that individual’s rights, it is our duty to firmly and unhesitatingly resolve any conflicts between the treasury and fundamental constitutional rights in favor of the latter.
491 So.2d at 1113 (emphasis added). To announce prior to the hearing that the court had to consider the effect of each award on the overall budget of the circuit contravenes this principle.
That is not to say that the court might not find that an hourly rate less than $75 is reasonable, or that the reasonable number of hours expended in this case might be less than requested by O’Donnell.[4] Under prior iterations of this statute, a chief judge was authorized to set the reasonable hourly rate, based upon a “prevailing hourly rate for similar representation rendered in the circuit.” Sheppard & White, P.A. v. City of Jacksonville, 827 So.2d 925, 929 (Fla.2002) (construing former section 925.036(1), Florida Statutes (1985)). If the chief judge were to conclude that an hourly rate of $50 is reasonable and acceptable to secure court-ap *498 pointed representation by private counsel, then he or she may use such a rate in calculating a reasonable fee. However, we doubt that private counsel will line up to take these challenging cases at such a rate.
For the foregoing reasons, we grant the writ, quash the fee award, and remand to the trial court to make appropriate findings in support of an attorney’s fees award.
STEVENSON and KLINGENSMITH, JJ., concur.

. A petition for writ of certiorari is the appropriate proceeding to review orders of compensation to court-appointed counsel. See Anderson v. E.T., 862 So.2d 839, 840 (Fla. 4th DCA 2003).

. We use the flat fee amount set forth in the 2010 statute, because the petitioner was appointed on August 19, 2010. We note, however, that while section 27.5304(1) provides that the flat fees prescribed in the statute "are limitations on compensation," it also provides that: "The specific flat fee amounts for compensation shall be established annually in the General Appropriations Act.” The General Appropriations Act, Chapter 2010-152 § 4, Line 786E, Laws of Florida, provides for a flat fee of $2,000.

. The bill originally submitted to the JAC was a few hundred dollars higher. After the JAC objected, O’Donnell agreed to reduce the bill to the claimed $27,165.

. It is clear that requiring the court system to absorb some of the cost of court-appointed attorneys will cause the courts to look more diligently at the bills submitted by counsel.