IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-1740

CHRISTOPHER PARKER-
CYRUS,

        Petitioner,

v.

JUSTICE ADMINISTRATIVE
COMMISSION,

        Respondent.

_____/

Opinion filed March 5, 2015.

Petition for Writ of Certiorari – Original Jurisdiction.

Christopher Parker-Cyrus of Law Office of Christopher Parker-Cyrus, Gainesville, for Petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee; Ana Cristina Martinez, General Counsel, and Christian D. Lake, Assistant General Counsel, of The Justice Administrative Commission,  Tallahassee, for Respondent.


ROWE, J.

      Petitioner raises two challenges to the trial court's order limiting his attorney's fees award to double the statutory flat fee for representing an indigent defendant.  First, Petitioner argues that the trial court's initial order departed from the essential requirements of the law by failing to include findings as to the reasonableness of the

number of hours Petitioner expended in determining whether the fee award was confiscatory. Second, Petitioner argues for the first time in his reply that the trial court's amended order departed from the essential requirements of the law because the court failed to give a reasonable explanation for the amount of fees awarded. Because the trial court in an amended order provided the parties with factual findings to support its fee award and because Petitioner abandoned any challenge to those factual findings by failing to raise any arguments attacking the amended order until his reply, we deny the petition for writ of certiorari.

Petitioner was appointed to represent a defendant who was charged with false imprisonment and armed home invasion robbery with a mask. Over a year after Petitioner was appointed and just prior to jury selection, the prosecutor offered to amend the information and nolle prosse the original charges if the defendant would agree to plead no contest to a charge of accessory after the fact. The defendant accepted the offer. Subsequently, Petitioner filed a motion for attorney's fees pursuant to section 27.5304, Florida Statutes, seeking payment of $24,802.50 for the 330.7 hours he expended representing the defendant. The Justice Administrative Commission ("the JAC") contested only $97.50 of the total as non-billable administrative work.

At the hearing on the motion, the trial court expressed concern that granting Petitioner's fee request would consume the Eighth Judicial Circuit's entire budget for paying private court-appointed counsel and asked if counsel wanted to defer seeking fees until the beginning of the next fiscal year. Petitioner declined, electing to proceed

2

with the hearing.  Seven months later, on April 8, 2014, the trial court entered an order awarding Petitioner $4,000.00 in attorney's fees without making any factual findings.  One day later, the JAC filed a "Request for Written Findings in Relation to Order Approving Payment of Attorney's Fees."  In the request, the JAC reminded the trial court of its obligation to make findings as to the reasonable number of hours expended by Petitioner during the course of his representation before determining the appropriateness of the fee.[1]

Twelve days later, on April 21, 2014, Petitioner sought review in this Court of the attorney's fees award, arguing that the trial court departed from the essential requirements of the law when it failed to determine whether the hours expended by counsel were reasonable before it concluded whether the fee was confiscatory.  Petitioner asked this Court to quash the trial court's order and "remand the case for further proceedings to determine the reasonable number of hours worked on this case and the appropriate reasonable fee."  The very next day, on April 22, 2014, the trial court granted the JAC's motion for written findings and entered an amended order containing detailed findings regarding the reasonableness of the number of hours expended by Petitioner on the case.  Notwithstanding the fact that Petitioner was on

---

[1] Appellate courts uniformly require circuit courts to make factual findings regarding the reasonable number of hours expended by counsel when counsel seeks a fee award in excess of the statutory rate pursuant to section 27.5304, Florida Statutes.  See Watts v. Justice Admin. Comm'n, 115 So. 3d 431 (Fla. 2d DCA 2013); Still v. Justice Admin. Comm'n, 82 So. 3d 1168 (Fla. 4th DCA 2012); Zelman v. Justice Admin. Comm'n, 78 So. 3d 105 (Fla. 1st DCA 2012).

notice a day after his petition was filed that the trial court had entered an amended order, Petitioner never sought leave to amend his petition for writ of certiorari to address the factual findings contained in the amended order. Instead, Petitioner waited to challenge the trial court's amended findings for the first time in his reply to the JAC's response. This was improper.

An argument may not be raised for the first time in a reply. Jones v. State, 966 So. 2d 319, 330 (Fla. 2007); Tillery v. Fla. Dep't of Juvenile Justice, 104 So. 3d 1253, 1255-56 (Fla. 1st DCA 2013); United Auto. Ins. Co. v. Hollywood Injury Rehab. Ctr., 27 So. 3d 743, 744 n. 1 (Fla. 4th DCA 2010) (noting that issues raised for the first time in the reply during certiorari proceedings will not be considered); Fla. R. App. P. 9.210(d) ("The reply brief shall contain argument in response and rebuttal to argument presented in the answer brief.") In fact, a party abandons any issue that was not raised in the initial petition. Hall v. State, 823 So. 2d 757, 763 (Fla. 2002); J.A.B. Enter. v. Gibbons, 596 So. 2d 1247, 1250 (Fla. 4th DCA 1992) ("[A]n issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply brief."). "Without strict adherence to this rule, the appellees are left unable to respond in writing to new issues presented by the appellants, and the filing deadline imposed on the appellants for their initial brief is rendered meaningless." Snyder v. Volkswagen of America, Inc., 574 So. 2d 1161, 1161-62 (Fla. 4th DCA 1991).

As noted by the dissent, this Court liberally allows parties to amend their pleadings, but the burden should be on the parties to make such a request. See Ostrum

4

v. Dep't of Health & Rehab. Servs. of State of Fla., 663 So. 2d 1359, 1361 (Fla. 4th DCA 1995) (discussing the traditional role of appellate judges as neutral decision-makers rather than as advocates for a party).  However, instead of requesting leave to amend, Petitioner chose to wait until he filed his reply to challenge the trial court's amended order.  Although the JAC addressed the amended final order in its response to the petition, this does not mean that the JAC waived its right to respond to Petitioner's arguments nor its right to defend the amended order.  Granting the petition for writ of certiorari in this case would be a violation of due process because it would deprive the JAC of the opportunity to respond to the new argument raised by Petitioner in the reply.  See Dep't of Highway Safety & Motor Vehicles v. Dellacava, 100 So. 3d 234, 236 (Fla. 5th DCA 2012) (holding that the Department was denied due process when the circuit court granted certiorari relief on an issue that was raised for the first time in the petitioner's reply).  For these reasons, we decline to reach the merits of Petitioner's procedurally-barred arguments.  See McAllister v. Breakers Seville Ass'n, Inc., 981 So. 2d 566, 575 (Fla. 4th DCA 2008) (declining to reach the merits of an argument that was not raised until the reply brief).  Finally, because the amended order cured the deficiencies complained of in the petition for writ of certiorari, we hold that Petitioner failed to meet his burden to demonstrate a departure from the essential requirements of the law.

PETITION DENIED.

THOMAS, J., CONCURS; MAKAR, J., DISSENTING WITH OPINION.

5

MAKAR, J., dissenting.

Attorney Christopher Parker-Cyrus claims the trial court erred by considering the circuit court's annual budget as a factor in determining the reasonableness of his request for attorneys' fees and then, after his petition in this Court was lodged, by issuing an amended order that, although foreswearing reliance on the budget, nonetheless departed from the essential requirements of the law.

As background, Parker-Cyrus was appointed to represent a defendant charged with various felonies. After the representation concluded, Parker-Cyrus moved for payment of his legal fees pursuant to section 27.5304(12), Florida Statutes, stating that he worked 330.7 hours, which amounted to $24,802.50 at $75 per hour. As part of the efforts, Parker-Cyrus hired a DNA expert and a private investigator, filed approximately thirty motions and attended hearings, and took twenty-nine depositions. His motion appended a record of hours billed, an expert witness affidavit attesting to the reasonableness of his fees, and an objection letter from the Justice Administrative Commission's (JAC) that contested only $97.50, or 1.3 hours at $75 per hour, as non-billable administrative work.

During the hearing on the fee motion, the trial court explained that if Parker-Cyrus's fee motion was granted, it would "essentially . . . consume the balance of our legislative allocation for the entire fiscal year for this circuit . . . . So no one else would be able to make a request." Parker-Cyrus was given two options: proceed with

6

the hearing or wait until the next fiscal year when the trial court could review the new budget and determine how much money was available to allocate for the lawyers. The following exchanged occurred at the hearing:

> MR. PARKER-CYRUS: Yes, Judge. Are you stating you'll be considering not just the merits of the motion and the law that applies, but also what amount you have that might be distributed otherwise?
>
> THE COURT: Correct. Yes. I think I have to. I have a budget constraint. It's not one that I like. All right? I don't, but I do, it's a fact.
>
> MR. PARKER-CYRUS: What it sounds like you're saying, Judge, that if I wait till next June, that even at that point—
>
> THE COURT: You may get more money. You may get money—I don't know how much I would award now. I can't answer that question. I'm not going to prejudge your case. But it would be my intention that for those that wait until next June, I would probably figure out the balance of what I have in the budget and allocate all the funds that are remaining, which may be more money, may be less money, I don't know. I'm sorry.

Parker-Cyrus chose to proceed with his fee request rather than wait.

Following the hearing, seven months passed before the trial court entered an order finding that the case required extraordinary and unusual efforts by Parker-Cyrus and an award above the statutory flat fee of $2,000, but not to exceed 200% of that flat fee, was justified. The trial court awarded the statutory maximum: $4,000. It also concluded that the award was not confiscatory, which prompted Parker-Cyrus to file a petition for certiorari in this Court.

Before the JAC filed its response to the petition in this Court, the trial court

entered an amended order finding that even though the hourly rate of $75 per hour was reasonable, the number of hours expended was highly unreasonable. The trial court explained that the case was not complex and thirty motions was highly excessive. In addition, because Parker-Cyrus was experienced and highly skilled, and the case did not go to trial, he should have expended far less time. The trial court explained that the number of victim depositions justified the "extraordinary and unusual" finding and was the basis for increasing the fee from $2,000 to $4,000. The trial court also reduced the number of hours from 330.7 to 80, which resulted in an effective hourly rate of $50 per hour, which has been held as a non-confiscatory rate. See Watts v. Justice Admin. Comm'n, 115 So. 3d 431, 433 (Fla. 2d DCA 2013) (granting defense counsel's petition for certiorari because the hourly rate worked out to be $37.40 and also because counsel "provided unrebutted evidence that twice the statutory fee would be confiscatory based on his testimony that he invested more than that in overhead and in time which was taken away from other clients on a time-consuming case involving reluctant witnesses.").

Before turning to the merits of the trial court's order, the question of jurisdiction over the amended order arises. Ordinarily, when a trial court enters an amended or supplemental order that directly relates to an order pending certiorari review in this Court, the petitioner should be afforded an opportunity to file an amended petition that addresses the new order. That is because Rule 9.040(d),

8

entitled "Amendment," provides that "[a]t any time in the interest of justice, the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits." Fla. R. App. P. 9.040(d) (2015). The rule has been given liberal application in this Court. See, e.g., Spence v. Tucker, 107 So. 3d 444, 445 (Fla. 1st DCA 2012) (abuse of discretion to disallow amendment to petition for certiorari simply because respondent "responded to appellant's mandamus petition before appellant sought leave to amend"); Lovette v. McNeil, 8 So. 3d 411, 413 (Fla. 1st DCA 2009) (error for trial court, acting in appellate capacity, to fail to address merits of claims raised in amended petition). Unlike in Spence, Parker-Cyrus did not request that he be given leave to file an amended petition, perhaps because the JAC directly addressed both the initial and amended order in its responsive brief. While it is much preferred that a petitioner formally request leave to file an amended petition, no apparent prejudice arises where a respondent accedes to certiorari review of an amended trial court order by addressing its merits and no party has raised an objection. That is what occurred here. The JAC conceded the original order was deficient for lack of factual findings, but contends the amended order should be upheld. It notes that Parker-Cyrus has not filed an amended petition, but makes no further argument that he should have done so. Perhaps formality would be served by this Court issuing a show cause order why Parker-Cyrus should not be required to submit an amended petition, and I would support allowing him to do so (the interests

9

of justice would not be served by disposing of the pending petition without leave to amend and thereby avoiding the merits).

Turning to whether the trial court departed from the essential requirements of law in fashioning its fee award, the starting point is section 27.5304(12), Florida Statutes, which provides in pertinent part:

> (d) If the chief judge or designee finds that counsel has proved by competent and substantial evidence that the case required extraordinary and unusual efforts, the chief judge or designee shall order the compensation to be paid to the attorney at a percentage above the flat fee rate, depending on the extent of the unusual and extraordinary effort required. The percentage shall be only the rate necessary to ensure that the fees paid are not confiscatory under common law. The percentage may not exceed 200 percent of the established flat fee, absent a specific finding that 200 percent of the flat fee in the case would be confiscatory. If the chief judge or designee determines that 200 percent of the flat fee would be confiscatory, he or she shall order the amount of compensation using an hourly rate not to exceed $75 per hour for a noncapital case and $100 per hour for a capital case.

This Court has noted that "trial courts have inherent power to depart from statutory fee guidelines in extraordinary and unusual cases when necessary to ensure that attorneys who represent indigent criminal defendants are not compensated in an amount which is confiscatory of their time, energy, and talents." Zelman v. Justice Admin. Comm'n, 78 So. 3d 105, 107 (Fla. 1st DCA 2012) (citing Makemson v. Martin Cnty., 491 So. 2d 1109 (Fla. 1986)). In Makemson, the Florida Supreme Court stated that "[i]n order to safeguard that [criminal defendant]'s rights, it is our duty to firmly and unhesitatingly resolve any conflicts between the treasury and

10

fundamental constitutional rights in favor of the latter." 491 So. 2d at 1113.

Based on this language, the trial court's initial order—beyond failing to have requisite factual findings—raises a yellow flag because of the trial court's central focus on budgetary concerns. Reversal would be required, but an amended order was issued that specifically disclaimed the fee award was based on budgetary concerns. Instead, the amended order focused upon the number of victim depositions and contained the reasonableness findings for the number of hours expended. Nonetheless, the amended order falls short under applicable caselaw.

In Zelman, which has parallels to this case, the trial court denied defense counsel's request for $17,280 in fees ($75/hr x 230.4 hrs) because it exceeded the statutory maximum of $3,000. 78 So. 3d at 106. Defense counsel presented expert testimony that the hours billed were reasonable and also that the "mere award of double the flat rate" would be confiscatory because it resulted in an hourly rate of $13.40. Id. The JAC objected to 6.1 hours, or $457.50. Id. The trial court entered an order finding that the case required extraordinary and unusual effort, but that double the statutory flat fee would not be confiscatory; instead, the "amount of extraordinary and unusual effort required was limited." Id. at 106. On review in this Court, we agreed with defense counsel that the trial court erred by not following the principles of White v. Board of County Commissioners of Pinellas County, 537 So. 2d 1376 (Fla. 1989), in which the trial court denied defense counsel's request for

11

attorney's fees in excess of the statutory maximum of $3,500. In White, counsel expended at total of 134 reasonable and necessary hours over a period of 3 1/2 months. The supreme court granted review and quashed the Second District's decision denying the petition. In doing so, the supreme court explained that "[i]n determining whether to exceed the statutory maximum fee cap, the focus should be on the time expended by counsel and the impact upon the attorney's availability to serve other clients, not whether the case was factually complex." 537 So. 2d at 1380. After noting that the fee award equaled a fee of $26.12 per hour, the court concluded that defense counsel suffered a double forfeiture in that "[n]ot only did he receive token compensation for his efforts, but his private practice suffered as a result of his service in this case." Id.

The principles announced in Zelman and later in Watts, which are based on White and Makemson, apply here. Parker-Cyrus stated in his motion that his work on the case precluded him from taking other work at a higher hourly rate, and the JAC only challenged 1.3 hours of the 330.7 hours billed—it did not dispute the expert witness testimony that merely awarding double the statutory flat rate of $4,000 would be confiscatory of Parker-Cyrus' time because it would result in an hourly rate of $12.10, assuming all 330.7 hours were paid. The trial court correctly noted that it must "determine the reasonableness of the hours spent" but it equivocated on the value of Parker-Cyrus's evidentiary presentation, only a small

12

portion of which was contested, by accepting it yet later rejecting it as "self-serving." In doing so, it made it appear that the $4,000 award was an amount that it "backed into" by reducing both (a) the hourly rate (without explanation and even though it found that $75 per hour was reasonable), and (b) the number of hours expended (a number that appears arbitrarily selected). To illustrate this point, $4,000 divided by the reasonable $75 hourly rate would result in 53.3 hours expended, a number wholly unexplained in the record; and $4,000 divided by 330.7 hours would create a $12.10[2] hourly rate, a "token" amount under White and possibly confiscatory (given that $13.40 per hour was considered confiscatory in Zelman).

Because the trial court departed from applicable caselaw, I would grant the petition and remand for proceedings consistent with the principles contained therein.

---

[2] $12.10 per hour assumes the 330.7 hours were expended, but if the court only considered 329.4 hours, then the rate would increase marginally to $12.14 per hour.