694 So.2d 817 (1997)
K.D., a minor child, Appellant,
v.
DEPARTMENT OF JUVENILE JUSTICE, Appellee.
No. 96-4051.
District Court of Appeal of Florida, Fourth District.
May 14, 1997.
Rehearing, Rehearing, and Certification Denied June 18, 1997.
*818 Jennifer S. Carroll of Metzger, Sonneborn & Rutter, P.A., West Palm Beach, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for respondent.
Charles D. Peters, West Palm Beach, for Party-In-Interest-Florida Department of Children and Families.
Rehearing, Rehearing En Banc, and Certification Denied June 18, 1997.
WARNER, Judge.
The juvenile appellant was committed to the Department of Children and Family Services for residential treatment to restore her competency to stand trial on the delinquency petition filed against her. She contends that the statute authorizing her involuntary commitment is unconstitutional and, alternatively, that the trial court's order is not supported by clear and convincing evidence. We hold that the statute is constitutional and also that the trial court's order is supported by competent substantial evidence.
Delinquency proceedings were brought against the juvenile appellant for possession and exhibition of a firearm on school property, for which she was also hospitalized under the Baker Act for a period of time. After her release, the trial court held a hearing to determine her competence to stand trial. Based upon the expert evidence provided, the court determined her incompetent and scheduled a hearing to determine whether she should be involuntarily hospitalized. After hearing further evidence, the trial court determined that outpatient treatment was not appropriate for the child and that the child met the criteria of section 39.0517(2), Florida Statutes (Supp.1996), for commitment to the Department of Children and Families Services and placement in a residential treatment program to restore her competency. She appeals from that order.
Initially, she claims that the statute is facially unconstitutional as a denial of equal protection because it does not require a psychiatrist to recommend commitment, as provided under section 394.467(2), Florida Statutes (Supp.1996), for adults for whom involuntary commitment is sought. However, we think it is more appropriate to consider the corresponding rules of criminal procedure which deal with incompetent defendants. See Fla. R.Crim. P. 3.210-.212. When a motion to determine competency is made under those rules, the court appoints "experts" to examine the defendant. Nothing in those rules requires the appointment of a psychiatrist or the court's receipt of a psychiatrist's report in order to commit a defendant found to be incompetent to proceed. See Fla. R.Crim. P. 3.212. Both section 39.0517 and rules 3.210-.212 require that the court receive the reports and recommendations of "experts." Thus, the juvenile offender and the criminal defendant are treated similarly for purposes of determination of incompetency and determination of involuntary commitment. The juvenile appellant also claims that the statute violates due process safeguards. However, we find that it satisfies the test set forth in In re Beverly, 342 So.2d 481 (Fla.1977). Therefore, we reject the juvenile appellant's constitutional challenge to the statute.
The juvenile appellant argues that the trial court's order is not supported by clear and convincing evidence. The order states:
The Court finds by clear and convincing evidence that the child is not appropriate for outpatient treatment and meets the criteria pursuant to 39.0517(2) of the Florida Statutes. She has demonstrated a history of extreme antisocial behavior, is a danger to herself and others as demonstrated by recent behavior and has failed to take medication as prescribed. Further the child has been in other outpatient and community based programs and has refused to cooperate and follow through with the recommendations of such programs. The Court is convinced that her mother... is not an appropriate custodian during the time that the minor child requires treatment to regain competency. It is clear to the court that residential treatment will provide the Court with the optimum *819 assurance that the child will participate in the needed therapy and that her medication will be taken as prescribed.
The supreme court held in In re Adoption of Baby E.A.W., 658 So.2d 961 (Fla.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 719, 133 L.Ed.2d 672 (1996), that the appellate task on reviewing a trial court's finding based on clear and convincing evidence is not to reweigh the testimony and evidence or to substitute the court's judgment for that of the trier of fact. "Instead we will uphold the trial court's finding, `[i]f, upon the pleadings and evidence before the trial court, there is any theory or principle of law which would support the trial court's judgment....'" Id. at 967 (citation omitted). In the instant case there is evidence in the record to support the trial court's determination. We therefore are not free to overturn the decision of the trier of fact.
Affirmed.
GLICKSTEIN and STEVENSON, JJ., concur.