PER CURIAM.
Petitioner, the Department of Children and Family Services, (“Department”), seeks a writ of certiorari quashing the trial court’s order committing Respondent, Shannon Edward Ewell, to the Florida *328 State Hospital for treatment to restore him to competency.[1] The only medical expert who evaluated Ewell opined that Ewell ydll not be able to reach competency through any known therapeutic program. Section 916.13(l)(c), Florida Statutes (2006), requires that before a defendant is committed to the Department for competency restoration, there must be “clear and convincing evidence that ... [t]here is a substantial probability that the mental illness causing the defendant’s incompetence will respond to treatment and the defendant will regain competency to proceed in the reasonably foreseeable future.” Because there was no evidence presented below to support Ewell’s commitment pursuant to section 916.13(l)(c), we find the trial court departed from the essential requirements of the law by ordering Ewell’s commitment for competency restoration. Eg., M.H. v. State, 901 So.2d 197, 200 (Fla. 4th DCA 2005) (recognizing that “[wjhere competent, substantial evidence does not support the trial court’s finding regarding competency or involuntary commitment, the trial court has departed from the essential requirements of the law”). Therefore, we grant the petition, quash the order below, and remand this matter to the circuit court for further proceedings.
CERTIORARI GRANTED; ORDER QUASHED; REMANDED.
SAWAYA, ORFINGER and LAWSON, concur.

. Ewell is charged with one count of burglary and one count of petit theft.