970 So.2d 453 (2007)
In re COMMITMENT OF Michael REILLY.
Michael K. Reilly, Petitioner,
v.
State of Florida, Respondent.
No. 2D07-2789.
District Court of Appeal of Florida, Second District.
December 7, 2007.
Joseph Cerino, Fort Myers, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, and Yvette Acosta MacMillan, Assistant Attorney General, Tampa, for Respondent.
STRINGER, Judge.
In this petition for writ of certiorari, Michael Reilly contends that the trial court departed from the essential requirements of the law when it found him incompetent to proceed based on his counsel's stipulation to the findings of a competency evaluation that was over six months old. Because this stale report did not provide competent, substantial evidence as to Reilly's present competence to proceed, we grant the petition.
From the extremely limited record before this court, it appears that Reilly was *455 charged with resisting arrest with violence and battery on a law enforcement officer for events that occurred on October 26, 2004. These new charges apparently also triggered an affidavit of violation of probation in a separate case.
In August 2005, the trial court ordered a competency evaluation of Reilly. Pursuant to that order, Dr. Frederick Schaerf examined numerous records concerning Reilly's history and behavior, but he never met with Reilly in person. In a report dated May 20, 2006, Dr. Schaerf declared Reilly incompetent to proceed. On October 25, 2006, Dr. Paul Kling met with Reilly and conducted an in-person competency examination. In a report dated October 31, 2006, Dr. Kling found Reilly incompetent to proceed.
On March 5, 2007, counsel for Reilly and counsel for the State stipulated to the "findings and the treatment recommendations of the October 25, 2006[sic] forensic competency evaluation provided to the Court by Dr. Paul S. Kling." This stipulation was entered pursuant to section 916.12(2), Florida Statutes (2006), which permits the trial court to adjudicate a person incompetent if the parties stipulate to a finding of incompetence by one mental health expert. Subsequently, on May 4, 2007, the trial court held a hearing at which it accepted the parties' stipulation, adjudicated Reilly incompetent, and committed him for treatment. Reilly was present at the hearing and objected to the stipulation and the finding of incompetence. Reilly now seeks review of this adjudication and commitment by petition for writ of certiorari.
As a general rule, certiorari is the proper vehicle for seeking this court's review of orders committing an individual involuntarily. M.H. v. State, 901 So.2d 197, 198 (Fla. 4th DCA 2005); Mosher v. State, 876 So.2d 1230 (Fla. 1st DCA 2004); K.D. v. Dep't of Juvenile Justice, 694 So.2d 817 (Fla. 4th DCA 1997). "[T]o obtain a writ of certiorari, there must exist `(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.'" Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004) (quoting Bd. of Regents v. Snyder, 826 So.2d 382, 387 (Fla. 2d DCA 2002)). "Where competent, substantial evidence does not support the trial court's finding regarding competency or involuntary commitment, the trial court has departed from the essential requirements of the law." M.H., 901 So.2d at 200; see also Dep't of Children & Families v. C.R.C., 867 So.2d 592 (Fla. 5th DCA 2004).
When considering whether a defendant is competent to proceed, the question for the trial court is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (emphasis added); see also Peede v. State, 955 So.2d 480, 488 (Fla.2007); Mora v. State, 814 So.2d 322, 327 (Fla.2002); Brockman v. State, 852 So.2d 330, 333 (Fla. 2d DCA 2003). Thus, the trial court's focus must be on the defendant's mental state at the time of the proceeding in question, not at some time in the past, and stale mental health reports will not support an adjudication of incompetency.
For example, in Brockman, the trial court based its competency determination on reports from two mental health experts who had examined Brockman four months and eleven months previously. 852 So.2d at 333. This court held that the reports were stale and could not support the trial court's finding of incompetence because *456 they did not speak to Brockman's present competence to proceed. Id. Similarly, in LeWinter v. Guardianship of LeWinter, 606 So.2d 387, 388 (Fla. 3d DCA 1992), the court held that an examining committee's report that was filed six weeks before the competency proceeding was not competent evidence of LeWinter's present mental state and ability to care for himself.
In this case, the trial court based its May 4, 2007, determination that Reilly was incompetent on a report dated October 31, 2006. However, this six-month-old report did not, and could not, speak to Reilly's present ability to consult with his lawyer with a reasonable degree of rational understanding or his present rational and factual understanding of the proceedings against him. Accordingly, it did not provide competent, substantial evidence to support the trial court's finding that Reilly was presently incompetent to proceed. While we recognize that section 916.12(2) permits the trial court to adjudicate a defendant incompetent based on the stipulation of the parties to one mental health expert's findings, we do not believe that section 916.12(2) permits the court to rely on a stipulation to an expert's report that is so stale that it no longer speaks to the defendant's present competence.
Because Dr. Kling's report in this case was too stale to be relevant to Reilly's present competence, the trial court departed from the essential requirements of the law in relying upon it despite the parties' stipulation. Accordingly, we grant the petition and remand for further proceedings.
Petition granted; remanded for further proceedings.
WHATLEY and CASANUEVA, JJ., Concur.