CRENSHAW, Judge.
Dreek Drayton appeals the order for his involuntary commitment to the Agency for Persons with Disabilities (APD) entered pursuant to section 393.11(8), Florida Statutes (2007). Because the trial court’s determination that Drayton “is likely to physically injure others if allowed to remain at liberty” was not supported by competent substantial evidence, we reverse and remand for further proceedings.
Drayton was charged in 1998 with lewd act on a child and lewd assault in the presence of a child, and in 1999 with burglary of a dwelling and petit theft. The charges were dismissed without prejudice in April 2006 pursuant to section 916.303(1), Florida Statutes (2005), and Drayton was released from State custody.[1] Pursuant to APD’s motion to intervene and amend a March 2006 order involuntarily admitting Drayton, the trial court entered a second amended order for Dray-ton’s involuntary admission.[2] In July 2007, the trial court entered an order for Drayton’s temporary commitment to secure placement with APD, stating that commitment was contingent upon the filing and resolution of an involuntary admission petition filed pursuant to sections 916.303 and 393.11, Florida Statutes (2006).
APD subsequently filed an amended involuntary admission petition in September 2007, alleging that Drayton was likely to cause physical injury to himself or others if allowed to remain at liberty, and stating that secure residential placement was the least restrictive and most appropriate setting for Drayton. A hearing on APD’s petition was held on October 26, 2007, and again on March 28, 2008.[3]
At the October 2007 hearing, the court heard testimony from Astrid Hall, a senior behavior analyst who worked with Dray-ton at the Seguin Unit since Drayton’s *245 arrival in August 2006. Hall recommended that Drayton remain in a secure facility based upon her belief that Drayton is guilty of the unproven allegations of lewd act on a child and lewd assault in presence of a child. Drayton’s witness, Dr. Tracy Hartig, is a licensed psychologist who met with Drayton in 2008 and 2004 for court-ordered competency evaluations, and again in 2007 for the hearing on APD’s involuntary admission petition. Dr. Hartig testified that while Drayton is in need of supervision, a secure setting is not an appropriate placement. At the March 2008 hearing, the court heard the deposition testimony of Dr. Michael D’Errico and Emily Dickens. Dr. D’Errico, a forensic psychologist, was part of a 2005 court-ordered examining committee to determine the extent to which Drayton met the criteria for involuntary commitment. He testified that the 2005 committee accepted the unproven charges against Drayton as true when making their recommendation for secure placement. Emily Dickens, an APD employee, testified that she first considered the severity of the charges against Drayton before recommending secure placement in February 2006. Following the two hearings, the trial court entered the April 2008 order for Drayton’s involuntary commitment to APD.
In the order for Drayton’s involuntary commitment, the trial court acknowledges that the charges against Drayton dealing with lewd acts on a child and in the presence of a child “are merely allegations that have never been proven.” However, the trial court’s determination that APD demonstrated by clear and convincing evidence that Drayton “is likely to physically injure others if allowed to remain at liberty” is based entirely upon the expert opinions, which relied heavily upon the unproven allegations from 1998 and 1999.[4] Because the experts’ determinations were based on faulty premises, we find the trial court’s order was not based on competent substantial evidence. See Kimbrough v. State, 852 So.2d 335, 336 (Fla. 5th DCA 2003) (noting the lack of conflicting evidence and finding an involuntary admission order was supported by competent substantial evidence because the experts did not rely on improperly admitted records in forming their opinions); see also In re Commitment of A.E.F., 377 N.J.Super. 473, 873 A.2d 604, 614 (2005) (“[Significant state action, such as [involuntary] commitment, cannot and should not be based on unproven allegations of misconduct.”). We also note that the experts’ observations dating back to 2003 do not provide competent substantial evidence supporting the order for Drayton’s involuntary admission. Cf. In re Commitment of Reilly, 970 So.2d 453 (Fla. 2d DCA 2007) (concluding that a six-month-old report from a mental health expert was too stale to be relevant to an adjudication of incompetency). Because the trial court’s findings were not supported by competent substantial evidence, we reverse the order for Drayton’s involuntary commitment to APD and remand for further proceedings consistent with this opinion.
Reversed and remanded.
NORTHCUTT and KHOUZAM, JJ., Concur.

. Drayton was adjudicated incompetent to proceed in 2004 and committed to secure placement with the Department of Children and Family Services (the Department), now the Agency for Persons with Disabilities (APD). The record before this court reflects that Drayton had been in State custody since February 2001. Drayton is currently housed by APD at the Seguin Unit, a secure residential facility in Gainesville, Florida.

. In this order, the trial court stated that Drayton "should have been and it is the clear, express intent of this Court that [Drayton] be forthwith returned to the custody of the Agency for Persons with Disabilities to be involuntarily committed to placement in a secure facility due to his continuing inability to care for himself as well as his continued threat to others."

.Following the October 26, 2007, hearing, the trial court entered an order directing this case to be reopened for further presentation of evidence. Specifically, the trial court stated it "cannot possibly fully evaluate the facts which would allow for a long term civil commitment of Mr. Drayton in a secure facility without properly hearing from those involved *245 in the examining committee and or competency evaluations previously done.”

. We note that upon receiving APD’s petition for Drayton’s involuntary admission, the trial court did not appoint three disinterested experts to evaluate Drayton pursuant to section 393.11(5), Florida Statutes (2007).