DAVIS, Judge.
The Department of Children and Family Services (the Department) seeks certiorari review of the trial court’s order finding Manuel Ramos incompetent to proceed to trial on five felony counts and committing him to the custody of the Department for competency restoration training. Ramos concedes that he does not meet the statutory criteria for involuntary commitment. We agree and therefore conclude that the trial court departed from the essential requirements of law. As such, we grant the petition for writ of certiorari.
“As a general rule, certiorari is the proper vehicle for seeking this court’s review of orders committing an individual involuntarily.” In re Commitment of Reilly, 970 So.2d 453, 455 (Fla. 2d DCA 2007). “Although the Department was not a party to the criminal case or commitment proceeding, it has standing to seek certiorari review of the circuit court order because it *1123 is affected by the order and no other remedy is available.” Dep’t of Children & Families v. Harter, 861 So.2d 1274, 1275 (Fla. 5th DCA 2003). “ ‘[T]o obtain a writ of certiorari, there must exist (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.’” Reilly, 970 So.2d at 455 (alteration in original) (quoting Reeves v. Fleetwood Homes of Fla., Inc., 889 So.2d 812, 822 (Fla.2004) (internal quotation marks omitted)).
Here, the trial court’s stated basis for its finding that Ramos is incompetent to proceed was “education issues.” And the trial court specifically found that Ramos is not mentally ill as defined by chapter 916, Florida Statutes (2011). This finding is supported by the testimony of both mental health evaluators appointed by the court to assess Ramos’ competency. Both of these evaluators also found that based on the fact that Ramos does not suffer from a mental illness, he does not meet the criteria for commitment under section 916.13. Nevertheless, the trial court made a finding that Ramos “meets the criteria for involuntary placement with the Department of Children and [Family Services] as provided in [section] 916.13(1).”
Section 916.13 is titled “Involuntary commitment of defendant adjudicated incompetent” and provides as follows:
(1) Every defendant who is charged with a felony and who is adjudicated incompetent to proceed may be involuntarily committed for treatment upon a finding by the court of clear and convincing evidence that:
(a)The defendant has a mental illness and because of the mental illness:
1. The defendant is manifestly incapable of surviving alone or with the help of willing and responsible family or friends, including available alternative services, and, without treatment, the defendant is likely to suffer from neglect or refuse to care for herself or himself and such neglect or refusal poses a real and present threat of substantial harm to the defendant’s well-being; or
2. There is a substantial likelihood that in the near future the defendant will inflict serious bodily harm on herself or himself or another person, as evidenced by recent behavior causing, attempting, or threatening such harm;
(b) All available, less restrictive treatment alternatives, including treatment in community residential facilities or community inpatient or outpatient settings, which would offer an opportunity for improvement of the defendant’s condition have been judged to be inappropriate; and
(c) There is substantial probability that the mental illness causing the defendant’s incompetence will respond to treatment and the defendant will regain competency to proceed in the reasonably foreseeable future.
(2) A defendant who has been charged with a felony and who has been adjudicated incompetent to proceed due to mental illness, and who meets the criteria for involuntary commitment to the department under the provisions of this chapter, may be committed to the department, and the department shall retain and treat the defendant....
(Emphasis added.)
Section 916.106(13) defines “mental illness” as
an impairment of the emotional processes that exercise conscious control of one’s actions, or of the ability to perceive or understand reality, which impairment substantially interferes with a defendant’s ability to meet the ordinary de *1124 mands of living. For the purposes of this chapter, the term does not apply to defendants with only mental retardation or autism and does not include intoxication or conditions manifested only by antisocial behavior or substance abuse impairment.
In order to meet the involuntary placement criteria of section 916.13(1), the trial court would have had to have found that Ramos does suffer from a mental illness. Because the trial court found that Ramos does not suffer from a mental illness, the court departed from the essential requirements of law in finding that Ramos satisfied the criteria for involuntary placement that is set out by the plain language of section 916.13. See Dep’t of Children & Family Servs. v. Amaya, 10 So.3d 152, 156 (Fla. 4th DCA 2009) (“Contrary to the trial court’s order, an incompetent defendant may not be committed to DCF [under section 916.13] if the statutory criteria are not met.”).
Furthermore, we conclude that this departure caused a material injury without remedy. The Department has exhausted its viable options before the trial court, and because the Department is not a party to the criminal proceeding, it cannot seek a remedy on direct appeal. Cf. Dep’t of Corr. v. Grubbs, 884 So.2d 1147, 1147 (Fla. 2d DCA 2004) (“DOC’s nonparty status deprives it of an adequate remedy by direct appeal.”).
Petition granted.
VILLANTI and LaROSE, JJ., Concur.