COHEN, J.
Petitioner, Department of Children and Families (“DCF”), seeks certiorari review of a circuit court order entered in a commitment proceeding. Respondent, Cayman Jerel Davis, was charged by. amended information with two counts of lewd or lascivious battery. A competency evaluation was performed, and the circuit court thereafter entered an order adjudging Davis incompetent to proceed due to mental illness and committing him to DCF.
In filing this petition, DCF challenges the order and maintains that the written report upon which the circuit court relied did not conclude Davis is incompetent due to mental illness. Although DCF was not a party to the criminal case or commitment proceeding, it has standing to seek certiorari review of the circuit court order because it is affected by the order and no other remedy is available. See Dep’t of Children & Families v. Harter, 861 So.2d 1274, 1275 (Fla. 5th DCA 2003).
*984 The circuit court order under review involuntarily committed Davis to DCF pursuant to section 916.13(1), Florida Statutes (2011), which governs the involuntary commitment of defendants who are mentally ill. In committing Davis, the circuit court relied on a written report prepared by Howard R. Bernstein, Ph.D., who conducted the competency evaluation. Dr. Bernstein observed that Davis had cognitive and learning deficits, borderline intellectual functioning, personality trait disturbance, and adult antisocial traits. The doctor found that no gross psychopathology was manifest, and there was no psychosis present. Ultimately, Dr. Bernstein opined that Davis was incompetent to proceed due to age-immaturity as well as educational and informational deficits.
Significantly, Dr. Bernstein did not conclude that Davis was incompetent due to mental illness. See § 916.106(13), Fla. Stat. (2011) (defining “mental illness” and specifically excluding defendants with only mental retardation and conditions manifested only by antisocial behavior); see also § 916.302, Fla. Stat. (2011) (providing for involuntary commitment of defendant determined incompetent due to mental retardation). Nevertheless, in committing Davis, the circuit court found that his incompetency was due to mental illness.
Additionally, Dr. Bernstein did not recommend that Davis be involuntarily committed to DCF for competency restoration training. Rather, he recommended that Davis receive competency restoration training in an outpatient setting. The doctor wrote:
Restoration is likely, due to no severe and chronic mental disorder, no psychotic disturbance. Competency instruction is required. Outpatient instruction by peers, teachers and advocates is suggested. Perhaps church or educational personnel would be appropriate.
Because Dr. Bernstein’s competency evaluation did not conclude that Davis was mentally ill and recommended less restrictive treatment alternatives, the circuit court departed from the essential requirements of law in ordering the involuntary commitment of Davis to DCF. See § 916.13(l)(a), (b), Fla. Stat. (2011) (requiring evidence of mental illness and evidence that all available, less .restrictive treatment alternatives have been judged to be inappropriate before involuntarily committing mentally ill defendant); cf. Dep’t of Children & Family Servs. v. Ramos, 82 So.3d 1121, 1124 (Fla. 2d DCA 2012) (holding when defendant is not mentally ill, trial court cannot commit defendant to DCF based on finding defendant’s incompetence to proceed is due to “education issues”); Graham v. Jenne, 837 So.2d 554, 558 (Fla. 4th DCA 2003) (finding that section 916.13, Florida Statutes, authorizes commitment of defendants who are both incompetent to proceed and meet criteria for commitment). We therefore grant the petition for writ of certiorari and quash the commitment order.
PETITION GRANTED; ORDER QUASHED.
TORPY and JACOBUS, JJ., concur.