SILBERMAN, Chief Judge.
Richard N. Watts seeks certiorari review of an order awarding him attorney’s fees in an amount less than he requested for his services as court-appointed counsel to a defendant in a criminal case. Watts argues that the circuit court departed from the essential requirements of the law by *432 awarding fees without making a finding regarding the number of reasonable hours worked and the corresponding hourly rate. We grant the petition and remand for reconsideration of Watts’ fee motion.
Watts was appointed to represent a defendant charged with second-degree murder with a firearm in October 2011. Approximately five months later, the defendant entered a plea pursuant to an agreement negotiated by Watts in which the State reduced the charge to manslaughter and waived the twenty-five-year minimum mandatory sentence. Watts submitted a bill to the Justice Administrative Commission (JAC) for $9885 in attorney’s fees for 131.8 hours of work at $75 per hour. JAC objected, and Watts filed a motion for fees in the circuit court[1] and set a hearing on the matter.
At the fee hearing, counsel for JAC did not argue that the hours expended by Watts were unreasonable but simply informed the court that the statutory flat fee was $2500. See § 27.5304(5)(a)(2), Fla. Stat. (2011). Watts argued that the court should exceed the statutory flat fee because the case was extraordinary and unusual and any fee below that which he requested would be confiscatory. Watts explained that the case involved a shooting in a neighborhood that had experienced seven other shootings within a year, some of which were related to his ease. Watts had to investigate these shootings as well as the charged shooting. Watts also had to track down witnesses for depositions because no one except law enforcement and the medical examiner appeared for their depositions. He had to knock on doors, go to juvenile detention centers, travel to jails, and travel the streets to locate his witnesses. Watts claimed that he invested more than twice the flat fee in his overhead and in time which was taken away from other clients. The Assistant State Attorney who was assigned to the case opposite Watts testified that the case was complicated by the occurrence of multiple crimes in the neighborhood and confirmed that many of the witnesses were reluctant to appear for depositions.
The circuit court agreed that Watts’ case was extraordinary. and unusual but did not award Watts the $10,027.50 he requested. Instead, the court awarded Watts twice the statutory flat fee, or $5000. It did not reject the reasonableness of the number of hours Watts expended or the corresponding hourly rate but simply stated that $5000 was not confiscatory. This was error.
Section 27.5304(5)(a)(2) provides for a flat fee of $2500 for representation of an indigent defendant charged with a non-capital, nonlife felony at the trial level. The court is permitted to award fees at a percentage above this flat fee if the case “required extraordinary and unusual efforts.” § 27.5304(12)(d). But if the court seeks to exceed 200 percent of the statutory flat fee, it must make a finding that 200 percent of the flat fee is confiscatory. In such a case, the court should award fees at an hourly rate that does not exceed $75 per hour for a noncapital case and $100 for a capital case. This fee award “shall be only that amount necessary to ensure that the total fees paid are not confiscatory.” Id.
It is the right of indigent defendants to competent and effective representation, as opposed to counsel’s right to be compensated, that makes it necessary for courts to exceed the statutory flat fee. *433 White v. Bd. of Cnty. Comm’rs of Pinellas Cnty., 537 So.2d 1376, 1379-80 (Fla.1989). Courts should be aware that the quality of representation may be affected by the knowledge that, counsel will not be adequately compensated for his or her services. Thus, courts should focus on the time counsel has spent on the case and the impact of the case on counsel’s availability to other clients in fashioning a fee award. Id. at 1380.
In this case, it does not appear that the circuit court considered these factors in determining the extent it should exceed the statutory fee cap. The court made the requisite finding of extraordinary and unusual efforts to support its decision to exceed the statutory fee under section 27.5304(12)(d). But the court did not explain why it capped the fees at 200 percent of the flat fee except to summarily determine that this amount was not confiscatory. Without making a finding regarding the reasonable number of hours Watts expended the court could not make such a determination. See Zelman v. Justice Admin. Comm’n, 78 So.3d 105, 107 (Fla. 1st DCA 2012); see also Kelly v. Justice Admin. Comm’n, 99 So.3d 627, 628 (Fla. 2d DCA 2012) (“In awarding fees to an attorney appointed pursuant to statute, the trial court must find that appointed counsel reasonably expended a certain number of hours in representing the indigent client, and then, using the established hourly rate, compute the fee.”).
JAC acknowledges the circuit court’s error in failing to make a finding regarding the reasonable number of hours expended. JAC argues that this error does not constitute a departure from the essential requirements of the law because the award of $5000 based on 133.7 hours would amount to $37.40 per hour which is not confiscatory as a matter of law. In support of this argument, JAC points to the supreme court’s decision in Sheppard & White, P.A. v. City of Jacksonville, 827 So.2d 925 (Fla.2002), upholding fees at a rate of $40 per hour. JAC also points to this court’s decision in Kelly v. State, 75 So.3d 1257 (Fla. 2d DCA 2011) (table), upholding fees at a rate of $50 per hour.
However, Sheppard was decided under the predecessor to section 27.5304, which provided for hourly fees at a rate set by the chief judge. Sheppard, 827 So.2d at 929 (quoting § 925.036(1), Fla. Stat. (1997)). And during the period in which services were rendered in that case, which was over fifteen years ago, the fixed hourly rate was $40. As for Kelly v. State, the circuit court in that case concluded that, while $50 per hour was not confiscatory, $34.93 per hour was confiscatory. Accordingly, we are not persuaded that Sheppard and Kelly support a denial of certiorari in this case on the basis that $37.40 is not confiscatory as a matter of law. Furthermore, Watts provided unrebutted evidence that twice the statutory fee would be confiscatory based on his testimony that he invested more than that in overhead and in time which was taken away from other clients on a time-consuming case involving reluctant witnesses. We therefore grant the petition for writ of certiorari and remand for reconsideration of the fee motion.
Petition granted.
KELLY and SLEET, JJ., Concur.

. In this motion, Watts requested $10,042.50 for 133.9 hours of work at $75 per hour. He later agreed to strike .2 hours as administrative and ultimately requested $10,027.50 for 133.7 hours at $75 per hour.