PER CURIAM.
Petitioner, appointed counsel in a dependency case, seeks a writ of certiorari to quash a circuit court order denying his motion for excess attorney’s fees for his services in the case.[1] Petitioner argues that the court arbitrarily failed to fully compensate him for his services and that the fee awarded him is confiscatory. Because the circuit court did not depart from the essential requirements of law by denying compensation in excess of the applicable statutory limit, we deny the petition.
Petitioner was appointed to represent a father in a dependency case. The Department of Children and Families had alleged that the father sexually abused his minor stepdaughters. Petitioner represented the father for approximately eight months before obtaining a dismissal of the case after trial. According to Petitioner, he spent a total of 32.9 hours in court and 75.1 hours out of court. He submitted a bill to the Justice Administrative Commission (“JAC”) for $8,100 — at a rate of $75 an hour. Because this amount exceeded statutory and contractual limitations on his fees, Petitioner filed a motion for excess attorney fees pursuant to section 27.5304(12)(d), Florida Statutes (2013).
The circuit court conducted a hearing on Petitioner’s motion. Petitioner argued that he was entitled to fees above the flat rate because the case was unusual or extraordinary. He explained that the case was unusual or extraordinary because he had to (1) attend a shelter hearing, arraignment, motion hearing, and a nine-day trial; (2) research evidentiary issues regarding child hearsay, and (3) cross-examine an expert at trial. Petitioner did not offer any expert testimony regarding the extraordinary or unusual nature of representation in this case or the amount of hours that should be reasonably expended on such a case.
The JAC objected to the bill submitted by Petitioner because it exceeded the statutory cap. It did not, however, contest the reasonableness of the hours expended by Petitioner or the timesheet he provided. The trial court disagreed with Petitioner that this dependency case required any unusual or extraordinary efforts and determined that double the fiat fee, or $1600, *1038 was sufficient compensation for the work done in this case.
In the petition for writ of certiorari, Petitioner claims that the circuit court departed from the essential requirements of the law by limiting his attorney’s fee award to an amount which compensated him for services at the rate of $14.81 per hour. This amount, he argues, is confiscatory. The JAC frames the issue before us as whether the trial court departed from the essential requirements of law in limiting Petitioner to double the flat fee without making any findings as to the reasonable number of hours worked. However, as explained below, such findings were not necessary in this case.
The statutory flat fee in this case is $800. Section 27.5304(12)(d), Florida Statutes (2013), provides:
If the chief judge or a single designee finds that counsel has proved by competent and substantial evidence that the case required extraordinary and unusual efforts, the chief judge or single desig-nee shall order the compensation to be paid to the attorney at a percentage above the flat fee rate, depending on the extent of the unusual and extraordinary effort required. The percentage must be only the rate necessary to ensure that the fees paid are not confiscatory under common law. The percentage may not exceed 200 percent of the established flat fee, absent a specific finding that 200 percent of the flat fee in the case would be confiscatory. If the chief judge or single designee determines that 200 percent of the flat fee would be confiscatory, he or she shall order the amount of compensation using an hourly rate not to exceed $75 per hour for a noncapital case and $100 per hour for a capital case. However, the compensation calculated by using the hourly rate shall be only that amount necessary to ensure that the total fees paid are not confiscatory.
In determining the extent the statutory cap should be exceeded, the trial court is required to make findings which consider the time spent on a case and the impact of the case on counsel’s availability to other clients. Watts v. Justice Admin. Com’n, 115 So.3d 431, 433 (Fla. 2d DCA 2013) (citing White v. Bd. of Cnty. Comm’rs of Pinellas Cnty., 537 So.2d 1376, 1380 (Fla.1989)). The trial court must also make findings as to the number of hours reasonably expended by the attorney to determine whether the fee award was confiscatory. Zelman v. Justice Admin. Comm’n, 78 So.3d 105, 107 (Fla. 1st DCA 2012).
However, in the first step of the analysis under section 27.5304(12)(d), Florida Statutes, the trial court must determine whether counsel has proved by competent and substantial evidence that the case required “extraordinary and unusual efforts.” Justice Admin. Comm’n v. Lenamon, 19 So.3d 1158, 1162 (Fla. 2d DCA 2009). If the trial court makes such a finding, the court is then authorized to award compensation in an amount up to 200 percent of the applicable flat fee. In this case, the trial court found that Petitioner did not prove by competent and substantial evidence that the case required extraordinary and unusual efforts. Although the trial court awarded Petitioner 200 percent of the flat fee, the analysis could have stopped at the first step. For, unlike in Watts and Zelman, where the cases handled by appointed counsel were determined to be extraordinary and unusual, here the court found no extraordinary and unusual aspects of the representation and thus was not required to order compensation in excess of the flat fee or to make findings as to the number of hours reasonably expended by Petitioner in determin *1039 ing whether the fee award was confiscatory.
Because the record supports the trial court’s finding that Petitioner failed to adequately establish unusual or extraordinary circumstances warranting compensation in excess of the statutory cap, the trial court did not depart from the essential requirements of the law. See Fla. Dep’t of Fin. Servs. v. Freeman, 921 So.2d 598, 601 (Fla.2006) (stating that the record provided no evidence upon which a judge could rely to determine if extraordinary or unusual circumstances existed to support an award of excess fees).

Petition denied.

DAMOORGIAN, C.J., TAYLOR and CIKLIN, JJ., concur.

. A petition for writ of certiorari is the proper vehicle for reviewing an order regarding attorney fees for private court-appointed counsel. See Sheppard & White, P.A. v. City of Jacksonville, 827 So.2d 925, 928 n. 3 (Fla.2002); Anderson v. E.T., 862 So.2d 839, 840 (Fla. 4th DCA 2003).