ALTENBERND, Judge.
Richard N. Watts seeks certiorari review of an order awarding him attorney’s *358 fees in an amount less than he requested for his services as court-appointed counsel to a defendant in a criminal case. This proceeding is very similar to Watts v. Justice Administrative Commission, 115 So.3d 431 (Fla. 2d DCA 2013), in which we granted certiorari relief. We also grant relief in this case.
Mr. Watts was appointed to represent a defendant who was charged with capital sexual battery. His client entered into a negotiated plea the day before trial. Mr. Watts then submitted a billing to the Justice Administrative Commission (JAC), seeking $20,752.50 for 276.70 hours at $75 per hour. The matter was set for hearing before the circuit court.
At the hearing, Mr. Watts testified as to the work he performed and introduced his billing, which provided detailed information to substantiate the bill. The prosecutor agreed that the case was particularly difficult and complicated. Counsel for the JAC explained that, although the JAC had initially objected to the bill, it had done an audit and Mr. Watts had accepted their deductions. Thus, the JAC had no objection to the bill as presented to the trial court and agreed that it was reasonable. Mr. Watts explained that the basic operating expenses for his office, including staff salaries and other overhead, consumed $50 of his hourly rate and that any rate lower than $75 would be “confiscatory.” [1] There was no evidence to the contrary.
The justification behind exceeding the statutory flat fee is to ensure that indigent defendants are not receiving incompetent and ineffective representation due to low fee rates. See White v. Bd. of Cnty. Comm’rs of Pinellas Cnty., 537 So.2d 1376, 1379-80 (Fla.1989); Watts, 115 So.3d at 432. Despite the seeming agreement as to the reasonableness of this bill in relation to the services provided, the trial court ruled that it would award $15,000 — 200 hours at $75 per hour.
We recognize that the trial court is not bound by the decision made by the JAC. See § 27.5304(3), Fla. Stat. (2012). It would not necessarily be a departure from the essential requirements of the law for the judge to reject a portion of the billing. Likewise, we do not believe that the judge is required to detail each and every item in the bill that he or she concludes to be excessive or unreasonable. But when it is uncontested that any hourly award less than $75 would be confiscatory, the decision to reduce the billing from $20,752.50 to $15,000 — a reduction of more than 25 percent — without any explanation would seem to be an arbitrary decision approaching a violation of due process.
We conclude that the reduced award without any explanation in the face of the evidence in the record departs from the essential requirements of the law. Accordingly, we grant the petition and remand for reconsideration of the fee motion.
Granted.
KHOUZAM and SLEET, JJ., Concur.

. A fee award may not exceed 200 percent of the statutory flat fee absent a specific finding by the court that double the flat fee would be confiscatory. See § 27.5304(12)(d), Fla. Stat. (2012). Here, based on his August 2011 appointment, the flat fee to be paid to Mr. Watts was $2000. See § 27.5304(1), Fla. Stat. (2012) (requiring that specific flat fee rates shall be established annually in the General Appropriations Act); ch. 2011-69, § 4, at 1239, Laws of Fla. (setting the applicable annual flat fee at $2000 for "capital sexual battery” cases). The court further found that $4000 would be considered confiscatory.