IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

C.O., A CHILD,

    Petitioner,

 v.                                                                    Case No.  5D16-2844

STATE OF FLORIDA,

    Respondent.

_____/

Opinion filed November 4, 2016

Petition for Certiorari Review of Order
from the Circuit Court for Orange County,
Gail Adams, Judge.

Robert Wesley, Public Defender, and
Colleen Wapole, Assistant Public
Defender, Orlando, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten,
Assistant Attorney General, Daytona
Beach, for Respondent.

### ON CONCESSION OF ERROR

PER CURIAM.

    C.O., a child, seeks certiorari review of an order placing him in residential mental

health treatment due to his purported incapacity.  The State concedes C.O. is entitled to

relief.  We agree and grant the writ.

An order of involuntary commitment to a mental health facility is reviewable by certiorari. See M.H. v. State, 901 So. 2d 197, 198 (Fla. 4th DCA 2005). To obtain a writ of certiorari there must exist: (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, (3) that cannot be corrected on post-judgment appeal. Id. at 200. When competent, substantial evidence does not support the trial court's finding regarding competency or involuntary commitment, the trial court has departed from the essential requirements of the law. Id. Accord Dep't of Children & Families v. Ewell, 949 So. 2d 327, 328 (Fla. 5th DCA 2007).

C.O. argues, and the State concedes, that the trial court departed from the essential requirements of law when it placed him in a residential mental health treatment facility after finding him incompetent. C.O. does not dispute that he is incompetent, but argues that there is no competent, substantial evidence to support placing him in secure residential treatment. The State agrees that the necessary evidentiary support to commit C.O. to residential treatment is lacking. We agree, as the reports relied on by the trial court were stale. See In re Commitment of Reilly, 970 So. 2d 453, 455-56 (Fla. 2d DCA 2007); Brockman v. State, 852 So. 2d 330, 333 (Fla. 2d DCA 2003). Therefore, we grant the petition, quash the order below, and remand this matter to the circuit court for further proceedings.

CERTIORARI GRANTED; ORDER QUASHED; REMANDED.

SAWAYA, PALMER and ORFINGER, JJ., concur.

2