ON CONCESSION OF ERROR

PER CURIAM.
C.O., a child, seeks certiorari review of an order placing him in residential mental health treatment due to his purported incapacity. The State concedes C.O. is entitled to relief. We agree and grant the writ.
An order of involuntary commitment to a mental health facility is reviewable by certiorari. See M.H. v. State, 901 So.2d 197, 198 (Fla. 4th DCA 2006). To obtain a writ of certiorari there must exist: (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case, (3) that cannot be corrected on post-judgment appeal. Id. at 200. When competent, substantial evidence does not support the trial court’s finding regarding competency or involuntary commitment, the trial court has departed from the essential requirements of the law. Id. Accord Dep’t of Children & Families v. Ewell, 949 So.2d 327, 328 (Fla. 5th DCA 2007).
C.O. argues, and the State concedes, that the trial court departed from the essential requirements of law when it placed him in a residential mental health treatment facility after finding him incompetent. C.O. does not dispute that he is incompetent, but argues that there is no competent, substantial evidence to support placing him in secure residential treat *201 ment. The State agrees that the necessary evidentiary support to commit C.O. to residential treatment is lacking. We agree, as the reports relied on by the trial court were stale. See In re Commitment of Reilly, 970 So.2d 453, 455-56 (Fla. 2d DCA 2007); Brockman v. State, 852 So.2d 330, 333 (Fla. 2d DCA 2003). Therefore, we grant the petition, quash the order below, and remand this matter to the circuit court for further proceedings.
CERTIORARI GRANTED; ORDER QUASHED; REMANDED.
SAWAYA, PALMER and ORFINGER, JJ., concur.