IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JUSTICE ADMINISTRATION COMMISSION,

      Petitioner,

 v.                            Case No.  5D17-559

JAMES R. JUPENA, ESQUIRE
AND J.K., FATHER OF C.C., A CHILD,

      Respondents.

_____/

Opinion filed September 22, 2017

Petition for Certiorari Review of Order
from the Circuit Court for Seminole County,
John Galluzzo, Judge.

Ana Cristina Martinez, General Counsel,
and Christian D. Lake, Assistant General
Counsel, of The Justice Administrative
Commission, Tallahassee, for Petitioner.

James R. Jupena, of Law Office of James
R. Jupena, Altamonte Springs, for
Respondent, James R. Jupena, Esquire.

Wendie Michelle Cooper, of Guardian ad
Litem Program, Sanford, for Guardian ad
Litem.

No Appearance for other Respondent.


BERGER, J.

The Justice Administration Commission (JAC) petitions this Court for a writ of certiorari[1] to quash the lower court's "Order Approving Payment of Attorney's Fees, Costs, or Related Expenses" entered on behalf of James R. Jupena, Esq., relating to his representation of J.K. (Father), the father of C.C., a child. Because the trial court's order was entered in violation of section 27.5304(6)(a), Florida Statutes (2016), without the requisite findings required by section 27.5304(12), Florida Statutes (2016), we grant the petition.

Jupena was appointed by the trial court to represent Father, who was found to be indigent, in dependency proceedings as to Father's four minor children, M.K., J.K., M.K., and A.K. Thereafter, the trial court proceeded to disposition as to the four children and directed Father to enter into a case plan. Following the disposition hearing, Jupena submitted a billing request to the JAC for the statutory initial flat fee of $800. See § 27.5304(6)(a)1., Fla. Stat. (2016). The JAC processed this billing and remitted payment to Jupena.

The following year, the trial court held the first judicial review of the dependency case as to M.K., J.K., M.K., and A.K. The trial court found Father was non-compliant with his case plan, and the case plan as to the four children was set for its next judicial review five months later. Following the hearing, Jupena submitted a billing request to the JAC

---

[1] A petition for certiorari review is the appropriate vehicle to seek review of an order awarding fees to a private court-appointed attorney. See Sheppard & White, P.A. v. City of Jacksonville, 827 So. 2d 925, 928 n.3 (Fla. 2002); Ally v. Just. Admin. Comm'n, 124 So. 3d 1036, 1039 n.1 (Fla. 4th DCA 2013); see also, e.g., Hagopian v. Just. Admin. Comm'n, 18 So. 3d 625, 636-37 (Fla. 2d DCA 2009) (noting JAC's challenge to trial court's order directing JAC to pay an attorney an hourly rate with interim billings for complicated RICO case was properly raised in petition for certiorari review).

for the flat fee amount of $200 for the second year of the dependency case. See §

27.5304(6)(a)2., Fla. Stat. (2016). The JAC processed this billing and remitted payment

to Jupena.

While the dependency proceeding was pending, paternity of a fifth child, C.C., was

being disputed by Father. At the same judicial review hearing regarding M.K., J.K., M.K.,

and A.K., the trial court found Father to be the legal parent of C.C. and entered an order

appointing Jupena to represent Father in the dependency proceedings related to this child

as well. As to C.C., the trial court held a disposition hearing, approved the case plan, and

proceeded to disposition. Thereafter, Jupena submitted another billing request to the

JAC for another initial flat fee of $800 for his representation of Father in the disposition

proceeding as to C.C. The JAC rejected the billing on the basis that it had previously paid

Jupena $1000 in accordance with his representation of Father in all of Father's

dependency cases. See § 27.5304(6)(a), Fla. Stat.

When the JAC rejected the billing, Jupena filed a "Motion for Attorney's Fees and

In the Alternative, to Exceed Statutory Attorney Fee Limit." In his motion, Jupena

acknowledged that C.C. had been added to Jupena's existing representation of Father,

and that Jupena sought the $800 as the statutory initial flat fee, or in the alternative, as

extraordinary compensation. The JAC filed a response, explaining that section

27.5304(6)(a) precluded Jupena from receiving a second statutory initial flat fee of $800.

The JAC also argued that Jupena's motion violated his contract[2] with the JAC and also

---

[2] The JAC contract executed by Jupena states in Paragraph XVIII(6) that, "[i]n an ongoing Ch. 39 or Ch. 63, F.S., case, an additional child is not a new appointment or a new case for billing purposes."

failed to comply with section 27.5304(12) because Jupena had failed to provide the requisite documents, including his hourly billing, to justify his request for extraordinary compensation.

Thereafter, Jupena withdrew his motion and filed a second motion seeking the initial flat fee of $800 or, in the alternative, to exceed the statutory fee limit set forth in section 27.5304. His second motion was identical to the first, except that Jupena did not specifically request extraordinary compensation. The JAC objected, relying on section 27.5304(6). After a hearing on the matter, the trial court determined the fee was "appropriate and reasonable" and entered an order directing the JAC to pay Jupena the additional $800 fee. The JAC now seeks review of that order.

"[T]o obtain a writ of certiorari, there must exist (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." Dep't of Child. & Fams. v. Carmona, 159 So. 3d 165, 166-67 (Fla. 2d DCA 2015) (quoting In re Commitment of Reilly, 970 So. 2d 453, 455 (Fla. 2d DCA 2007)). "A ruling constitutes 'a departure from the essential requirements of the law' when it amounts to 'a violation of a clearly established principle of law resulting in a miscarriage of justice.'" Byrd v. S. Prestressed Concrete, Inc., 928 So. 2d 455, 457 (Fla. 1st DCA 2006) (quoting Combs v. State, 436 So. 2d 93, 96 (Fla. 1983)). The elements of material injury and the absence of adequate remedy on appeal serve as jurisdictional requirements for certiorari relief. Gonzalez v. State, 15 So. 3d 37, 39 (Fla. 2d DCA 2009).

Section 27.5304(6)(a) provides the following for payment to private court-appointed counsel in dependency cases:

4

(6) For compensation for representation pursuant to a court appointment in a proceeding under chapter 39:

(a) At the trial level, compensation for representation for dependency proceedings shall not exceed $1,000 for the first year following the date of appointment and shall not exceed $200 each year thereafter. <u>Compensation shall be paid based upon representation of a parent irrespective of the number of case numbers that may be assigned or the number of children involved, including any children born during the pendency of the proceeding</u>. Any appeal, except for an appeal from an adjudication of dependency, shall be completed by the trial attorney and is considered compensated by the flat fee for dependency proceedings.

1. Counsel may bill the flat fee not exceeding $1,000 following disposition   or upon dismissal of the petition.

2. Counsel may bill the annual flat fee not exceeding $200 following the first judicial review in the second year following the date of appointment and each year thereafter as long as the case remains under protective supervision.

3. If the court grants a motion to reactivate protective supervision, the attorney shall receive the annual flat fee not exceeding $200 following the first judicial review and up to an additional $200 each year thereafter.

4. If, during the course of dependency proceedings, a proceeding to terminate parental rights is initiated, compensation shall be as set forth in paragraph (b). If counsel handling the dependency proceeding is not authorized to handle proceedings to terminate parental rights, the counsel must withdraw and new counsel must be appointed.

(Emphasis added).  The plain reading of section 27.5304(6)(a) precludes Jupena from seeking an additional initial flat fee of $800 from the JAC for his representation of the Father as it relates to C.C. absent a pleading by Jupena and a finding by the trial court that the case required extraordinary or unusual effort.  <u>See</u> § 27.5304(12), Fla. Stat.

Section 27.5304(12) provides in relevant part:

(12) The Legislature recognizes that on rare occasions an attorney may receive a case that requires extraordinary and unusual effort.

(a) If counsel seeks compensation that exceeds the limits prescribed by law, he or she must file a motion with the chief judge for an order approving payment of attorney fees in excess of these limits.

The purpose of this section is to "ensure that indigent defendants are not receiving incompetent and ineffective representation due to low fee rates." Watts v. Just. Admin. Comm'n, 135 So. 3d 357, 358 (Fla. 2d DCA 2013) (citing White v. Bd. of Cty. Comm'rs of Pinellas Cty., 537 So. 2d 1376, 1379-80 (Fla. 1989)).

Under section 27.5304(12), when private court-appointed counsel files a motion seeking payment of attorney's fees or extraordinary compensation, the motion must specify whether the JAC objects to any portion of the billing or to the sufficiency of the documentation, and the motion must include the JAC's letters stating its objection. § 27.5304(12)(a)2., Fla. Stat. The attorney bears the burden to prove the entitlement to attorney's fees, costs, or related expenses. Id. at § 27.5304(12)(b)(1).

First, the trial court must determine whether "counsel has proved by competent and substantial evidence that the case required extraordinary and unusual efforts." Just. Admin. Comm'n v. Lenamon, 19 So. 3d 1158, 1162 (Fla. 2d DCA 2009) (quoting § 27.5304(12)(d), Fla. Stat. (2007)); accord Makemson v. Martin Cty., 491 So. 2d 1109, 1115 (Fla. 1986) (holding that trial court has "inherent power" to allow "in extraordinary and unusual cases" a departure from statutory fee guidelines "when necessary"). The trial court is required to make findings that consider the time an attorney spent on the case and the impact of the case on the attorney's availability to other clients. See Ally v. Just. Admin. Comm'n, 124 So. 3d 1036, 1038 (Fla. 4th DCA 2013), rev. denied, 147 So.

6

3d 520 (Fla. 2014) (citing Watts v. Just. Admin. Comm'n, 115 So. 3d 431, 433 (Fla. 2d DCA 2013)).  The trial court must also include its findings as to the number of hours "reasonably expended by the attorney to determine whether the fee award was confiscatory." Ally, 124 So. 3d at 1038 (citing Zelman v. Just. Admin. Comm'n, 78 So. 3d 105, 107 (Fla. 1st DCA 2012)); accord Watts, 135 So. 3d at 358.  If the trial court finds the attorney has met his burden, the trial court may grant or award compensation up to two hundred percent of the applicable flat fee.  See § 27.5304(12)(d), Fla. Stat.

Here, the JAC has established that the trial court's order constitutes a departure from the essential requirements of the law for two reasons: first, under section 27.5304(6)(a), counsel is not entitled to an additional $800 flat fee for representing Father in the dependency case related to C.C. because the plain meaning of the statute precludes it; and second, to the extent counsel sought additional compensation pursuant to section 27.5304(12), the order fails to include the required findings regarding Jupena's "extraordinary" time and effort or reasonable hours expended related to his representation of Father in the dependency proceedings related to C.C.[3]  Accordingly, we grant the petition and quash the order under review.

PETITION GRANTED.

SAWAYA and WALLIS, JJ., concur.

---

[3] Although a transcript of the hearing does not appear in the record, it is not fatal to the JAC's claim because the error is apparent on the face of the order.  See Hirsch v. Hirsch, 642 So. 2d 20, 21 (Fla. 5th DCA 1994) (deciding that if error appears on face of the order at issue, failure to provide transcript is not fatal).