HARRIS, J.
The Department of Children and Families ("the Department") seeks certiorari review of a circuit court order committing Henry Tanner to the Department's custody. That order arose out of a criminal prosecution in which Tanner was originally charged with possession of cocaine. Less than three months after Tanner was placed on drug offender probation, Tanner's probation officer filed a violation of probation report, alleging that Tanner failed to attend the required substance abuse treatment.
Soon thereafter, concerns arose as to Tanner's competency to proceed, and the trial court appointed an expert to evaluate Tanner. The court-appointed expert concluded that Tanner was incompetent to proceed "resultant to his limited intellectual functioning." However, because Tanner was determined to not present a danger to himself or others, the expert recommendation was that Tanner not be committed.
A few days after Tanner's evaluation, he was again accused of violating his probation by testing positive for cocaine. The expert filed a supplemental evaluation, this time finding that Tanner did in fact present a danger to himself and recommending commitment to a residential competency program. The lower court accepted the recommendation, found Tanner incompetent to proceed due to mental illness and found that Tanner met the criteria of involuntary commitment under section 916.13(1), Florida Statutes (2018). Therefore, the court ordered Tanner committed. The Department challenges this order, arguing that there was no evidence that Tanner's incompetency was the result of a mental illness. The Department reasons that because Tanner does not meet the commitment criteria set forth in section 916.13, the commitment order was a departure *150 from the essential requirements of the law. We agree and grant relief.
Section 916.13 authorizes the involuntary commitment of defendants who are incompetent to proceed if certain requirements are met. One of these requirements is that the defendant must have a mental illness that renders him substantially likely to cause serious bodily harm to himself or others. § 916.13(1) (a). In this case, neither the expert's initial evaluation nor his supplemental report concluded that Tanner had a mental illness. Because there was no competent evidence presented below to show that a mental illness caused Tanner to pose the danger to himself, section 916.13 does not authorize Tanner's commitment. An involuntary commitment not specifically authorized by statute amounts to a departure from the essential requirements of the law, causing irreparable injury which cannot be adequately remedied on post-judgment appeal. Thus, certiorari relief is appropriate. Belair v. Drew, 770 So.2d 1164, 1166 (Fla. 2000) ; see also Dep't of Children & Families v. Davis, 114 So.3d 983, 984 (Fla. 5th DCA 2012) (holding Department has standing in similar cases).
While Tanner's commitment under section 916.13 was not authorized, he may still qualify for commitment under section 916.302, Florida Statutes (2018), which authorizes involuntary commitment of defendants incompetent to proceed due to intellectual disability or autism. The expert's conclusion in this case that Tanner has limited intellectual functioning may support a finding of intellectual disability that could then support his commitment under section 916.302, if the other requirements of that statute are also satisfied.
We therefore grant the petition, quash the trial court's August 14, 2018 "Order Adjudging Defendant Incompetent to Proceed" and remand to the trial court for further proceedings consistent with this opinion, including determining whether Tanner qualifies for commitment under section 916.302.
PETITION GRANTED, ORDER QUASHED, and REMANDED.
WALLIS and EDWARDS, JJ., concur.